## HENRY H. FAXON *vs.* WILLIAM H. WALLACE & others.

If land subject to a recorded mortgage is sold for payment of taxes assessed to one who was not the lawful owner, and the mortgagee, without knowledge of the sale, assigns his title, the assignee may, under the Gen. Sts. *c.* 12, § 36, redeem the premises at any time within two years after he has actual notice of the sale, and, under § 42, may maintain a bill in equity for such redemption, if filed within five years from the sale.

If real estate sold for payment of taxes has ever since been held in possession by one claiming title adversely to the purchaser, the tender or payment which the Gen. Sts. *c.* 12, § 36, provide to be made for the purpose of redeeming the premises, should be made to such purchaser, and not to one to whom he, while thus disseised, has made a deed thereof.

CHAPMAN, J. This is a bill in equity whereby the plaintiff seeks to redeem certain real estate which has been sold by the collector of the city of Boston for nonpayment of taxes. The taxes were assessed while the land was owned by the plaintiff's grantor, but was taxed to a supposed occupant, and not to the owner; and no entry has been made under the sale, and neither the plaintiff nor his grantor had knowledge of the sale till two

months before the present suit was brought. The sale was made in September 1862, and the bill was filed in July 1866. The suit having thus been commenced within five years from the time of the sale, this court has jurisdiction of the case in equity, under Gen. Sts. *c.* 12, § 42. The plaintiff is also entitled to relief under § 36 of *c.* 12, because he has brought his suit within two years after he has had actual notice of the sale, the taxes having been assessed to one Muhlig, who was not the rightful owner, and the plaintiff claiming title under a recorded mortgage dated April 14, 1859, and assigned to him on July 12, 1864. The defendants filed a general demurrer.

It is contended in support of the demurrer that the statute enables only the mortgagee to redeem, and does not aid the assignee of his title. But this construction of the statute would be unreasonably narrow. After the mortgagee has assigned his title, he has no interest in the redemption, and if the assignee cannot redeem, his right may be cut off. There is no just reason for making such a distinction.

The defendants in this suit are Wallace, to whom the tax sale was made; Bean, to whom Wallace made a deed of it while the plaintiff was in possession, claiming title adversely; Kent, to whom Bean made a mortgage of it while the plaintiff was thus in possession; and Emerson, to whom Bean assigned his mortgage. It is contended that upon the plaintiff's own showing in his bill, he should have made his tender of payment to Bean. But the court are of opinion that upon this showing the legal title remained in Wallace, because he was disseised when he made his deed. Yet as the other defendants claim title under Wallace, they are properly made parties to the bill, in order that they may be concluded by the decree. The rule is that all parties having any apparent right in the subject should be made parties to a bill in equity. The plaintiff alleges that he does not know which of them is entitled to receive the money, and upon this allegation they are also properly made parties, in order that they may have opportunity to interplead on this point.

*Demurrer overruled.*

*T. H. Sweetser & J. L. Newton,* for the defendants.
*C. A. Welch,* for the plaintiff.