HENRY H. FAXON *vs.* WILLIAM H. WALLACE & others.

A tender, to redeem land sold for taxes, of the amount paid at the tax sale, with interest and charges, is good, if made to the purchaser at the tax sale, although he has conveyed the land to a third party by a recorded deed; provided that the party making the tender has always remained in possession of the land, has had no claim to the land made on him before the time of his tender, and is not proved to have had actual knowledge of the conveyance.

BILL IN EQUITY, filed July 31, 1866, against William H. Wallace, James C. Bean, Henry Emerson and George Butterfield, to redeem a lot of land in Boston, sold for taxes.

The bill alleged that George W. Snow, being seised of the land, mortgaged it on April 14, 1859, to Albert G. Peck, who assigned the mortgage, on November 12, 1859, to John O. Chaney; that Chaney duly sold the land, for breach of the condition of the mortgage, under a power therein contained, to the plaintiff, and executed to him a deed on July 12, 1864, by virtue of which the plaintiff became seised in fee of the premises, entered thereon, and had ever since retained possession, taking the rents and profits to his own use; that on May 1, 1862, the assessors of the city of Boston assessed $28.48 to James M. Muhlig as a tax on the premises for the year 1861; that, the tax not having been paid, the premises were sold, for nonpayment thereof, to the defendant Wallace, and a deed of the land was delivered to him by the collector of taxes on September 25, 1862; that Wallace on January 6, 1866, delivered a deed of the premises to the defendant Bean, who on the same date delivered a mortgage deed thereof to Oscar Kent, and subsequently delivered a second mortgage deed thereof to the defendant Butterfield; that on February 1, 1866, the mortgage deed to Kent was assigned by him to Emerson; and that neither Wallace, Bean nor Kent had ever entered upon the premises.

The bill further alleged that Muhlig had never been the rightful owner of the land, that the assessors assessed it to him because they understood him to be the tenant and occupant on May 1, 1861, and that neither the plaintiff nor his grantor Chaney

had any notice that the estate had been sold for taxes, or any rea‑ son to suspect it, till May 1866, when the plaintiff accidentally heard of it; that in July 1866 the plaintiff requested Wallace to convey to him any right, title or interest which he had acquired by virtue of the deed from the collector, and tendered the sum paid to the collector, with interest at ten per cent. and all inter‑ vening charges, according to law, but Wallace refused, and de‑ nied that he had any right, title or interest in the estate; and that the plaintiff was uncertain who was the proper person to receive the said sum, interest and charges, but was ready and willing and offered to pay the same to any of the parties whom the court should declare entitled thereto.

The bill prayed that the defendants, or such of them as were entitled thereto, might be compelled to receive the said sum, interest and charges, and to release any title which they or any of them might have under the deed from the collector.

Emerson made no answer, and the bill was taken for confessed against him. The other defendants demurred, but the demurrer was overruled. 98 Mass. 44. They then filed answers, in which they alleged that Wallace did enter with Bean on the land, and while there delivered the deed to Bean. Bean's answer also alleged that the mortgage made by him to Kent, and assigned by Kent to Emerson, had been assigned by Emerson to John Mills, and prayed that Mills might be summoned as a defendant. Mills was accordingly made a defendant, and filed his answer alleging the assignment of the mortgage and also that the delivery of the deed by Wallace to Bean was made on the land.

Evidence being taken in the case, Wallace and Bean testified that the deed was delivered to the latter on the premises, and Wallace further testified that, when the plaintiff made him the tender of the amount paid for the land, with interest and charges, he told the plaintiff that he had sold the estate to Bean, and that the plaintiff must go to him. The plaintiff testified that Wal‑ lace might have said that he had sold it, but that he thought he said " he hadn't anything to do with it." A witness, Orin W. Fiske, who was present at the interview between Wallace and

the plaintiff, and made the tender for the plaintiff, testified that Wallace did not say that he had parted with the title and did not tell the witness that he had sold it to any one. There was no evidence that the plaintiff's tenants had ever been disturbed in their possession, or that any claim had ever been made on the plaintiff for the land before his tender to Wallace. All the deeds and mortgages above mentioned were put on record soon after their respective dates.

The case was reserved by *Wells*, J., on the bill, answer and evidence, for the determination of the full court.

*C. A. Welch*, for the plaintiff.

*J. L. Newton*, for Wallace, Bean, Butterfield and Mills.

CHAPMAN, C. J. As the case stood at the former hearing, it appeared that the title derived from the collector of taxes was still in Wallace, because he, being disseised, could convey no title to Bean. But evidence is now offered tending to prove that his deed to Bean was delivered on the land, that thus his title passed, and that the plaintiff had notice of the transfer. For this reason, it is now contended that the tender ought to have been made to Bean. If this were so, it would affect the question of costs, but not the right to redeem. But if it be true that the deed was delivered on the land, yet we think it is not proved that the plaintiff had notice of the transfer. Wallace testifies that he gave notice of it to the plaintiff when the tender was made; but Fiske, who was present and took part in the transaction, positively denies it, and the plaintiff has no recollection of such notice. This leaves the matter in doubt. As Wallace was the purchaser at the collector's sale, and no notice had been given of the delivery of his deed to Bean on the land, and the plaintiff's tenants had been left in undisturbed possession of the land, and neither Bean nor any of the subsequent parties had made claim to the land, we think the plaintiff properly made the tender to Wallace, and was not bound to make further inquiry.

The defendant Emerson has not appeared, and the bill is taken for confessed as to him. The other defendants appear and contest the plaintiff's right to redeem. But they have not

interpleaded among themselves. The court is not called upon to decide, under these circumstances, which of them is entitled to receive the money; and the plaintiff may pay it into court, and will thereupon be entitled to a decree of redemption, with costs against those defendants who have contested his right, namely, Wallace, Bean, Butterfield and Mills.