of her adoption, in compliance with the laws of the Commonwealth, was not gone through with until about nine months afterwards. This proceeding, if the testator had died intestate, would undoubtedly have given her a right of inheritance which she did not have before, but it could have no effect upon his last will, previously made, and purporting in its terms to make special provision for her. The love for her (expressed in the will) was the reason for the provision in her favor, as well as for her adoption as his child. The testator lived more than eleven years after that adoption, and the proper inference from the fact that he made no change in his will would seem to be that he had already made all the provision for her benefit that he intended to make. The law will interfere to correct a last will and testament, or to direct a different disposition of the estate from that indicated by the testator, under Gen. Sts. c. 92, § 25, unless it shall appear that the testator intentionally omitted to make provision for one of his children, and that such omission was not occasioned by accident or mistake. Here it appears that there was such an intent. *Decree accordingly.*

DOLLY H. GLADWIN *vs.* JAMES FRENCH & another.

By Gen. Sts. c. 12, § 42, a bill in equity for the redemption of land sold for the payment of taxes must be filed within five years from the sale.

BILL IN EQUITY for the redemption of land sold for the payment of taxes. The bill was filed December 2, 1871. The bill alleged that the sale was made August 30, 1865. The defendants demurred upon the ground that the bill was not filed within five years. The case was reserved by *Morton*, J., upon bill and demurrer, for the consideration of the full court.

*T. Weston, Jr.*, for the defendants.

*L. Mason*, for the plaintiff.

AMES, J. It was decided in *Mitchell* v. *Green*, 10 Met. 101, that this court had no jurisdiction in equity of a suit for the redemption of land sold for the payment of taxes. According to

the statutes in force at the date of that decision, the only mode in which the owner of land so sold could redeem it was by paying or tendering to the purchaser, or his heirs or assigns, within two years from the day of sale, the sum paid by him, with ten per cent. interest and all necessary intervening charges. Rev. Sts. *c.* 8, § 32. Provision was afterwards made for extending the period of redemption, in certain cases, to two years from the time when the owner first had actual notice of the sale. Gen. Sts. *c.* 12, § 36. Thus, if the plaintiff's land had been assessed to a person who was a mere tenant or occupant of the premises, and not the rightful owner, her right of redemption by payment or tender would continue until the expiration of two years from April 1, 1870, the day alleged in her bill, and admitted by the demurrer, to be the time when she first had actual notice of the sale.

The right to maintain a bill in equity in order to redeem the land was first given by St. 1856, *c.* 239, § 4. This, however, is merely a cumulative or additional remedy, and, in order to be of any avail to her, should have been sought within five years from the sale. Gen. Sts. *c.* 12, § 42. It is impossible to interpret this provision of the statute otherwise than as an imperative limitation of the time within which the bill must be filed. We see no ground on which it can be claimed that the time is to be reckoned from the first actual notice of the sale. As the bill in this case was not filed within the time expressly limited by the statute, it is clear that she must be left to her other statutory remedies, and cannot obtain relief in equity. It follows, therefore, that we must order her *Bill dismissed, with costs.*