T. M. DEWEY, administrator, *vs.* ALICE F. DONOVAN & others.

Hampden.    Sept. 25, 1878. — March 3, 1879.    AMES & SOULE, JJ., absent.

A trust estate, which has been sold for non-payment of taxes, will not be ordered by this court, on a bill in equity under the Gen. Sts. *c.* 100, § 16, to be sold free from the tax title.

ENDICOTT, J. This is a bill in equity under the Gen. Sts. *c.* 100, § 16; and the first question to be determined is, whether this court has any power to decree a sale of the land before redemption from the tax sale.

The plaintiff's testator, Edward Donovan, by his will, which was admitted to probate in 1864, provided that, if his personal property was not sufficient to pay his debts, then from the rents and income of a house and land in Springfield the deficiency should be supplied. The will also provided that all the pecuniary legacies, seven in number, should be paid from the same source in the order of succession in which they were named; and, that this might be accomplished, the executor is authorized

and directed to let the house and land, and, "after paying all necessary repairs, taxes, insurance and charges," and after providing for the debts, to apply the balance of the rents and income each year to the payment of the several legacies. Subject to these provisions, the testator devised the house and land to his brother, William Donovan.

The executor, Michael Needham, paid all the debts as provided in the will, and six of the legacies amounting to $1250, from the rents and income of the house, leaving at the time of his death, in July 1876, the last legacy of $600 unpaid. The plaintiff was appointed administrator with the will annexed in November 1876. The agreed statement sets forth that the house, which was valued at $5800, was then so out of repair that the plaintiff could not obtain sufficient income from it to pay the taxes then due, amounting to $434, and to make the necessary repairs. It is evident from this statement that Michael Needham failed to perform his duty as executor, as he did not make proper repairs, or provide for the taxes as required by the will.

The plaintiff did not pay the taxes, and the estate was sold for the taxes due upon it on March 12, 1877, to one Hitchcock, who conveyed it to Alice Donovan, the widow of William Donovan, to whom the estate was devised, subject to the charges named in the will. She has since remained in possession. It also appears that the heirs at law of William Donovan sold their interest in the estate to one Wood, and his interest was taken on execution and conveyed to Alice Donovan, who claims to be the absolute owner of the estate, subject to Wood's right of redemption. The plaintiff has made no tender to her of the amount of the taxes, although the two years in which he may do so have not expired. Gen. Sts. c. 12, § 36. Since the decease of the executor, an account of his executorship has been presented to the Probate Court, which has been allowed, whereby there appears to be due from the estate of the testator to the estate of Michael Needham the sum of $261 for services rendered and money paid out on account of the estate. It does not appear that the plaintiff resisted the allowance of this account or has appealed from the same, and it is difficult to see why any sum should be due for services of the executor, he having grossly neglected the duties imposed on him by the will.

The prayer of the bill is, that the plaintiff may, by decree of the court, be allowed to sell and convey this estate free from the tax title now held by Alice Donovan, and from the proceeds pay to Alice Donovan the amount of taxes for which the estate was sold, with interest and costs, his own charges of administration, the amount due the estate of Michael Needham, and the last legacy of $600 remaining unpaid; and if any balance remains, to pay over the same to Alice Donovan or E. N. Wood, according as their respective interests therein may then appear.

The question has been argued before us whether this land, specifically devised to William Donovan subject to the charges named in the will, can be sold for the payment of those charges. But we do not propose to consider that question, as it is apparent that this bill seeks by a circuitous and irregular method, not authorized by law, to redeem an estate sold for taxes. Nor are we called upon to decide what would have been the rights of the plaintiff if the bill had been brought before the tax title had intervened.

The sale for non-payment of taxes was made on March 12, 1877. Under the provisions of the Gen. Sts. *c.* 12, § 36, the plaintiff, who is the owner of the estate within the meaning of the statute, has the right to redeem by paying or tendering the amounts due to the purchaser at any time within two years from the sale; or he may, under § 42, have relief in equity, if he brings his bill within five years from the sale. That is, he may have a bill to redeem, which is a cumulative or additional remedy. *Gladwin* v. *French*, 112 Mass. 186. *Simonds* v. *Towne*, 4 Gray, 603. *Rogers* v. *Rutter*, 11 Gray, 410. *Faxon* v. *Wallace*, 98 Mass. 44. By either method, the money must be paid to the purchaser. In *Mitchell* v. *Green*, 10 Met. 101, it was held, before the provision in § 42 was enacted, that this court had no jurisdiction in equity of a suit for the redemption of land sold for payment of taxes.

This is not a bill to redeem; it prays leave to sell the estate free from the tax-title, and to have the proceeds distributed in various directions (including the payment of all sums due to the purchaser) under the authority of this court. No question is made that the title acquired by the purchaser at the sale is in any way defective or incomplete, and the purchaser has the right

to hold it, until the estate is redeemed in one of the methods pointed out by the statute. Assuming therefore that this court may have the power to order the sale of the real estate, if neces sary, it clearly has not the power to direct that it be sold free from the tax title, because that can be discharged only in the manner authorized by law; and we cannot engraft equitable exceptions on the statute and give to the plaintiff the power to sell, simply because, through negligence of the original executor in failing to pay the taxes and suffering the buildings to become out of repair, or through his own neglect or failure to obtain the money, he has been unable to pay the taxes. He must take such course as the law requires of him in the performance of the duties he has assumed under the will of the testator, and is not entitled to the relief he seeks by this bill.

*Bill dismissed, with costs.*

*G. Wells*, for the plaintiff.
*A. M. Copeland*, for the defendant.