JOSEPH BALDWIN & others *vs.* INHABITANTS OF WILBRAHAM.

Hampden.    September 23, 1885. — January 8, 1886.

The Superior Court has no jurisdiction, under the St. of 1883, c. 223, of a petition, under the Pub. Sts. c. 27, § 129, by ten taxable inhabitants of a town, to restrain the town from an alleged illegal expenditure of money.

MORTON, C. J.    This is a petition, under the Pub. Sts. c. 27, § 129, by ten taxable inhabitants of the town of Wilbraham, brought in the Superior Court, to restrain the town from an alleged illegal expenditure of money.

We are met at the threshold of the case with the question whether the Superior Court has jurisdiction of the petition, which, though not raised in the Superior Court, and not argued by counsel, it is necessary that we should consider.

The St. of 1883, c. 223, § 1, provides that " the Superior Court shall have original and concurrent jurisdiction with the Supreme Judicial Court in all matters in which relief or discovery in equity is sought, with all the powers and authorities incident to such jurisdiction."

The language of the statute is broad, and, without doubt, it was intended to confer upon the Superior Court concurrent jurisdiction in equity in all suits between individuals involving private rights, of which the Supreme Judicial Court has jurisdiction by virtue of the general principles of equity jurisprudence.

But there are numerous provisions of our statutes which confer upon the Supreme Judicial Court, sitting as a court of equity, certain special powers and duties not within the general jurisdiction of a court of equity.    Such are the statutes giving supervision over the courts of insolvency ; the statutes in the nature of special insolvent laws, providing for the appointment of receivers and the winding up of savings banks, banks of deposit, and insurance companies ; the statutes authorizing the court to compel by injunction the payment of taxes by savings banks ; to compel the Harbor and Land Commissioners to enforce restrictions in the deeds by the Commonwealth of lands on the Back Bay ; to restrain the erection of unlawful buildings upon commons or

parks; to restrain the use of buildings for hospitals; to compel the observance of the laws governing street railway companies; and to restrain a city or town from the illegal appropriation of money; and many others which might be mentioned. It would not be proper for us to decide whether any of these numerous special powers conferred by statute on this court are transferred to the Superior Court by the St. of 1883, except the one involved in this case.

We are of opinion that the power given to this court by the Pub. Sts. c. 27, § 129, to hear and determine in equity the petition of ten taxable inhabitants to restrain a town from illegally appropriating money, was not so transferred. The subject of the statute is not a matter cognizable under the general principles of equity jurisprudence. However it may be in other jurisdictions, it has never been held in this Commonwealth that a suit by a tax-payer to restrain an illegal appropriation of money by a town was within the general scope of the jurisdiction of a court of equity. If the court already had jurisdiction of the matter, the statute enacted for the purpose of conferring jurisdiction was unnecessary. *Carlton* v. *Salem*, 103 Mass. 141. *Loud* v. *Charlestown*, 99 Mass. 208.

This authority in this court to restrain the abuse of corporate powers by cities and towns was first conferred by the St. of 1847, c. 37. It is a special power in the nature of a power of supervision over other departments or agencies of the government, conferred upon the highest judicial tribunal. It is not included in the enumeration of the equity powers in the Pub. Sts. c. 151, § 2, which are transferred to the Superior Court; and we think it was not the intention of the St. of 1883 to give this power to the Superior Court. This view is fortified by the provisions of § 2 of the St. of 1883, which excepts from the operation of the act § 1 of the Pub. Sts. c. 151.

The section thus excepted provides that, " in addition to the jurisdiction in equity otherwise conferred, the Supreme Judicial Court shall have original and exclusive jurisdiction of every original process, whether by bill, writ, petition, or otherwise, in which relief in equity is prayed for, except when a different provision is made." The fact that this provision is excepted indicates that it was the intention of the Legislature to give the

Superior Court concurrent jurisdiction in all matters within the scope of the general equity jurisprudence, but to retain within the exclusive jurisdiction of the Supreme Judicial Court other special bills, writs, or petitions allowed by our statutes, in which relief in equity is prayed for.

For these reasons, we are of opinion that the Superior Court has no jurisdiction of this petition.

*Petition dismissed.*

*G. M. Stearns,* for the petitioners.
*C. L. Gardner & C. L. Long,* for the respondents.