ELIZABETH O'DAY *vs.* EDWIN F. BOWKER.
SAME *vs.* SARAH B. BOWKER.

Suffolk. March 23. — Nov. 24, 1886. W. ALLEN & HOLMES, JJ., absent.

If there have been successive sales of land to different purchasers, for non-payment of taxes assessed thereon, a bill in equity to redeem the land, brought by the original owner against the last purchaser, cannot be maintained, if the right to redeem, as against the first purchaser, has been lost by failure to bring the bill within five years, as specified in the Pub. Sts. c. 12, § 66, from the first sale, although five years from the last sale have not expired; and it makes no difference that the plaintiff is an infant.

If there have been successive sales of land to A., B., and C., for non-payment of taxes assessed thereon, and the original owner of the land brings two bills in equity to redeem the same, one against B. and the other against C., and the latter bill is dismissed because not brought within five years, as specified in the Pub. Sts. c. 12, § 66, from the sale to A., a decree entered in the suit against B., which was brought within the five years, that B., upon receiving what was due him, should execute and deliver to the plaintiff a deed of release of the land, may be vacated to enable B. to amend his answer, and set up the sale and conveyance to C., the plaintiff's suit against him, and the decree in that suit.

FIELD, J. These are appeals from final decrees in two suits in equity heard upon issue joined and evidence. The evidence is not reported, and the only questions before us are whether the decree in each suit is warranted by the frame of the bill, and is consistent with the facts found and recited in the decree.

The first suit was brought on May 26, 1885, by Elizabeth O'Day, a minor, who sues by her guardian, John W. McDonald, against Edwin F. Bowker, to redeem a lot of land from tax sales and conveyances made to the defendant in 1881 and 1882, for the payment of taxes assessed in 1880 and 1881. The second suit was brought on December 5, 1885, by the same plaintiff, against Sarah B. Bowker, to redeem the same lot of land from a tax sale and conveyance made to the defendant in 1883, for the payment of a tax assessed in 1882.

The final decree entered in the second suit is as follows:

· "This cause came on to be heard at a sitting of this court, December 22, 1885, upon its merits, and it appearing that the parties to said cause were all before said court, evidence was then and there heard and duly considered by the court, after

argument by counsel; and thereupon the following facts were found and determined upon by the court, to wit, that one Margaret O'Day died November 29, 1871, owning the real estate described in the plaintiff's bill in fee simple; that she left surviving, as her heirs at law, three children, Mary, Catherine, and Elizabeth O'Day, and also a husband, William O'Day; that the said Elizabeth O'Day is still a minor and is the plaintiff, bringing this bill by her guardian, John W. McDonald; that William O'Day was appointed guardian of his three children aforesaid, March 25, 1872, and continued guardian of Mary and Catherine until their death, and of the survivor, to wit, the plaintiff, until his own death, February 11, 1883; that said Mary O'Day died November 27, 1877, and said Catherine, February 21, 1880. In 1879, the estate described in the plaintiff's bill was duly assessed to the heirs of Margaret O'Day, and was duly sold for unpaid taxes and conveyed to one J. W. French by a deed of the collector of taxes of the city of Boston, September 3, 1880, and by said French conveyed to one Thomas Ellis, September 4, 1880. The tax of 1880 was duly assessed to the heirs of Margaret O'Day, and the said estate, being the estate described in the plaintiff's bill, was duly sold for non-payment thereof to Edwin F. Bowker by a deed of the collector of taxes of the city of Boston, September 4, 1881. The tax of 1881 was duly assessed to Thomas Ellis, and said estate was duly sold for non-payment thereof to Edwin F. Bowker by deed of the collector of taxes of the city of Boston, September 6, 1882. The tax of 1882 was duly assessed to Edwin F. Bowker, and said estate was duly sold for non-payment thereof to Sarah B. Bowker, the defendant, by deed of the collector of taxes for the city of Boston, September 5, 1883; that the tax sale of September 5, 1883, is the sale set forth in the plaintiff's bill, from which the plaintiff claims redemption. The plaintiff had no guardian from the death of her father, William O'Day, February 11, 1883, to the appointment of John W. McDonald, March 29, 1885; that the plaintiff's bill was filed December 5, 1885; that on the death of his wife, Margaret O'Day, William O'Day had his curtesy in said estate until his death, and, by the death of his daughter Mary in 1877, inherited her third of the estate, and, at the time of assessment of the tax of 1879, for which the estate

was sold to Ellis, he and his surviving daughters owned each a third of the estate, he being guardian of the survivors. When the tax of 1880 was assessed, by the death of his daughter Catherine, William O'Day had become owner of another third estate ; that said William O'Day had thus become owner of two thirds of the estate described in the plaintiff's bill, and was guardian of plaintiff ; and Thomas Ellis held under his deed dated September 4, 1880, all the estate conveyed to French, September 3, 1880, when the estate was sold to Edwin F. Bowker, September 4, 1881, and September 6, 1882; that when the estate was sold to Sarah B. Bowker, defendant, September 5, 1883, for the tax of 1882, Thomas Ellis held under his deed dated September 4, 1880, and Edwin F. Bowker held by his deed dated September 6, 1882 ; and that said bill was brought within five years from said sale to her ; that previous to the bill, the plaintiff's guardian sold the said estate, by virtue of a license of the Probate Court duly granted, to one Conners, and made. an agreement (not recorded) that he would return the purchase money, and said estate should be reconveyed unless he should clear the premises from all tax sales theretofore made, and that Conners took possession under said deed ; that no tender was made to defendant. Whereupon it is ordered, adjudged, and decreed, that the plaintiff pay to the defendant, Sarah B. Bowker, the original sum by her paid to the collector of taxes of the city of Boston, with interest to the date of the decree, and lawful costs, amounting to $60.55; that the defendant, Sarah B. Bowker, execute, acknowledge, and deliver a deed of release of said estate from the tax sale in said plaintiff's bill set forth to the plaintiff; that the defendant pay to the plaintiff the costs of this suit, to be taxed by the clerk of this court."

The decree in the first suit is similar, except that it does not recite any facts concerning the tax sale to Sarah B. Bowker, as this was subsequent to the sales from which the first bill seeks to redeem the land ; neither does it find that any conveyance had been made to Conners by the plaintiff's guardian. The sale to French in 1880 is not set up in the answer to either bill, but the facts found and recited in the decrees, if material, cannot be disregarded, although they have not been pleaded. They are facts found by the court, and incorporated into the decrees, and,

although perhaps not all of the facts, they are a part of the foundation of the conclusion of law pronounced by the court ; and, if these facts are inconsistent with the conclusion, the decrees cannot be affirmed.

It appears by the decrees, that every sale was made within two years of the time when the taxes were committed to the collector, and while they were a lien upon the land ; Pub. Sts. c. 12, § 24 ; Gen. Sts. c. 12, § 22 ; and, as it has been in effect found that the taxes were lawfully assessed and the land sold, the deeds given by the collector in accordance with the statutes, if recorded within thirty days, conveyed to the purchaser a good unincumbered title in fee simple to the land, subject to the right of redemption. *Butler* v. *Stark*, 139 Mass. 19.

This right of redemption is an interest in land, which may be conveyed, or devised, and which descends in the same manner as other real property. The title to the land, subject to any right of redemption that might exist, passed first to French, the purchaser at the tax sale in 1880, who, on September 4, 1880, conveyed it to Ellis ; secondly, to Edwin F. Bowker, the defendant in the first suit, who purchased at the tax sales in 1881 and 1882; and thirdly, to Sarah B. Bowker, the defendant in the second suit, who purchased at the tax sale in 1883. When the second suit was brought, two years from the day of sale to Sarah B. Bowker, the defendant therein, had expired, but five years had not. See Pub. Sts. c. 12, §§ 49, 66 ; Gen. Sts. c. 12, §§ 36, 42. When the first suit was brought, two years had expired from the day of the last sale to Edwin F. Bowker, the defendant therein, but five years had not expired from the day of either sale to him. Five years from the day of the sale to French had not expired when the first, but had expired when the second, suit was brought. It is plain, therefore, that the only statutory provisions under which the plaintiff can maintain her suits are the Pub. Sts. c. 12, § 66, (Gen. Sts. c. 12, § 42,) which were first enacted in the St. of 1856, c. 239, § 4. See *Mitchell* v. *Green*, 10 Met. 101 ; St. 1849, c. 213, § 2.

These provisions were enacted, not for the purpose of extending in every case the time of redemption from two to five years, but for the purpose of permitting the court to grant relief, at any time within five years from the taking or sale of the land, if

the circumstances rendered it equitable. When the father of the plaintiff, who was also her guardian, died, two years had not expired from the day of the first sale to Edwin F. Bowker, and, when the sale was made to Sarah B. Bowker, the plaintiff had no guardian. The plaintiff was, and still is, a minor; both bills were brought without great delay after the present guardian was appointed; and, if the facts found show that the plaintiff has such an interest in the land as to give her a standing in court for the purpose of bringing bills to redeem the land from these defendants, it cannot be held that the justice who heard the causes erred in finding and ruling that, on the evidence before him, which is not reported to us, she was entitled to avail. herself of these provisions of the statutes extending the time to five years.

When there have been successive tax sales of land to different purchasers, whether all the different purchasers, or the persons holding their titles at the time the suit is brought, must be made parties defendant in a bill to redeem the land from these sales, and whether, if the right of redemption is gone as against a purchaser at a prior sale, it can be enforced against a person holding under a subsequent sale, are questions which have not been determined in this Commonwealth. If this plaintiff has no right of redemption against Ellis, then the absolute title to the land, as between her and Ellis, is in him. If Ellis has no right of redemption against Edwin F. Bowker, then the absolute title, as between them, is in Edwin F. Bowker; and, if Edwin F. Bowker has no right of redemption against Sarah B. Bowker, then the absolute title, as between them, is in Sarah B. Bowker. The relation of the parties is not precisely the same as if Ellis had conveyed his title to Edwin F. Bowker, and he to Sarah B. Bowker, and this was the only title which Edwin F. Bowker or Sarah B. Bowker ever held; yet, if the plaintiff has no right to redeem from Ellis, and Ellis has no right to redeem from Sarah B. Bowker, the plaintiff, under a bill to redeem from Sarah B. Bowker, certainly ought not to be permitted to obtain Sarah B. Bowker's title, which is good against Ellis, in order to set it up against him, and ultimately to obtain the land from him, when she has no right to redeem the land from him. If the plaintiff claiming as sole owner, is permitted to redeem,

and redeems from Sarah B. Bowker, its effect should be, not to convey to her Sarah B. Bowker's existing title, but to destroy this title, and thus to leave discharged therefrom the plaintiff's title by descent from her father and mother; but if this title is destroyed, the next title in succession backward is that of Edwin F. Bowker, and the next is that of Ellis. As Ellis is not a party to either of these suits, his rights against the plaintiff or either of the defendants cannot be determined. It might be argued that the different purchasers of land at different tax sales, made in successive years for the payment of taxes separately assessed for each year, need not be joined as parties defendant in a bill to redeem, brought by the original owner of the land. The sales are distinct and separate transactions, and may affect different interests. The different defendants do not derive titles by descent or conveyance each from the other; a defect in one sale does not affect the validity of subsequent sales; and each of the defendants may claim adversely to the other, or some claim rights of redemption against others.

In *Faxon* v. *Wallace*, 98 Mass. 44, and 101 Mass. 444, the defendants were Wallace, to whom the tax sale was made, Bean, to whom Wallace made a deed of the land, Kent, to whom Bean made a mortgage, and Emerson, to whom Kent assigned his mortgage; and the court say: "As the other defendants claim title under Wallace, they are properly made parties to the bill, in order that they may be concluded by the decree. The rule is, that all persons having any apparent right in the subject should be made parties to a bill in equity." 98 Mass. 45. This was a bill to redeem from a single tax sale under which all the defendants claimed. Still, we think that the convenient and proper practice is to summon as defendants all persons who hold an interest in the land under the successive tax sales, even if it should be held that their rights, as against each other, could not be determined in the suit. The rights of the plaintiff against each and all can be determined, and it is necessary that they should be, in order to complete the title of the plaintiff; and the right to redeem against a prior purchaser may be of no avail unless the plaintiff also has the right to redeem from the person who holds the land. However, no objection to the want of proper parties having been taken, the court, at this stage of the

cases, would not, of its own motion, require new parties, unless they were indispensable; and we think that the plaintiff's right to redeem from the sale to Sarah B. Bowker can be determined, as between them, without additional parties.

The Pub. Sts. *c.* 12, § 49, (Gen. Sts. *c.* 12, § 36,) give to the owner of real estate, his heirs and assigns, the right to redeem. Section 66 of the Pub. Sts. *c.* 12, does not specify who may seek the relief which the court, by this section, is authorized to give in equity; but it must be held that they are, in general, the same persons as those who have the right to redeem under the Pub. Sts. *c.* 12, § 49. In *Rogers* v. *Rutter*, 11 Gray, 410, it was held that a person in possession of the land under a contract of purchase, which gave him the right of possession during the continuance of the contract, had a right to redeem under the St. of 1856, *c.* 239, § 4, (now the Pub. Sts. *c.* 12, § 66,) on the ground that he might be regarded " as the owner of the land, within the meaning of the statute, for the purpose of protecting his interest therein." This shows that the statute is to be construed liberally, but the plaintiff in order to redeem must show some title or interest in the land. It is competent for Sarah B. Bowker to show that the plaintiff has no title or interest in the land, as, for example, that she has conveyed her title to another person; and, if the plaintiff's right to redeem the land from Ellis is gone, she shows no title or interest in the land. The plaintiff claims no title except as heir to her father and mother, and that title she has, on the facts found, absolutely lost. In *Gladwin* v. *French*, 112 Mass. 186, it was held that such a bill as this is must be filed within five years of the sale, and that this limitation is imperative. In the Pub. Sts. *c.* 12, § 49, there is a provision that a person having the requisite title may redeem the land within two years " after he has actual notice of the sale; " but the facts do not bring the plaintiff's case within this provision.

It is contended that, as the plaintiff is an infant, the limitations of two and five years in the statutes do not affect her, at least as to the one third part of the land which she inherited from her mother. But there are no exceptions in favor of infancy in the statutes, and there is nothing in the Constitution of the Commonwealth that requires that the Legislature should make any such exception in the exercise of its power to levy and

collect taxes. The proceedings are wholly statutory, and we cannot read into the statute exceptions which are not in it, and which we cannot find that the Legislature intended. As the plaintiff, when she brought the second suit, had lost all right of redemption from the sale to French, she cannot maintain her bill in that suit; and it is unnecessary to consider the other objections made by the defendant in the second suit.

It is manifest that if, by the decree in the second suit, Sarah B. Bowker's absolute title is established as against the plaintiff, the plaintiff can take nothing that will be of any benefit to her under the decree in the first suit, unless under that clause of the decree which directs Edwin F. Bowker, on receiving payment of what is due him, to execute and deliver to her " deeds of release of said estate," &c. It is suggested that, if the plaintiff can obtain Edwin F. Bowker's title, whatever it is, the plaintiff can then use that as the foundation of proceedings against Sarah B. Bowker; or, in other words, if Edwin F. Bowker has a right to redeem from Sarah B. Bowker, the plaintiff, by obtaining Edwin F. Bowker's right, could then perhaps maintain a bill against Sarah B. Bowker, because Edwin F. Bowker's title is superior to that of Ellis, and five years have not expired since the sale to Edwin F. Bowker, and whether there are such equitable circumstances that a court of equity would grant relief to him, as against Sarah B. Bowker, has never been determined.

In *Simonds* v. *Towne*, 4 Gray, 603, the court ordered the defendants to execute a deed of quitclaim and release to the plaintiff, but it did not appear that any intervening rights had been acquired by other persons. In the present case, the rights of French and his grantee, Ellis, have intervened ; and, as we have said, the effect of redemption ought not to be to give to the plaintiff a new title superior to her original title, which she could use against Ellis without redeeming from him, and could use against Sarah B. Bowker, although, by her original title, she has no right to redeem from her. The statutes give a right to redeem the " estates taken or sold," or the " real estate so taken or sold," and not a right to redeem a right of redemption. Pub. Sts. *c.* 12, § 49. The estate in fee is vested in Sarah B. Bowker, and not in Edwin F. Bowker ; and we must hold that the

plaintiff cannot redeem from Edwin F. Bowker except in connection with a redemption of the estate from Sarah B. Bowker, and that the person who holds the estate under a tax sale and conveyance is an indispensable party to a bill to redeem. The plaintiff ought not now to be permitted to make Sarah B. Bowker a party defendant in the first suit, because the plaintiff's rights against her have been foreclosed.

It is true that it is not established in the first suit that the estate is in Sarah B. Bowker, as in that suit there are no averments and no findings concerning the sale to her. But as the two suits were heard together, and were argued together here, we ought not to ignore altogether the proceedings in the second suit. We cannot now use these proceedings to defeat the first suit, because they are not of record in it, but we can vacate the decree to enable the defendant in the first suit to amend his answer, and set up the tax sale and conveyance to Sarah B. Bowker, the plaintiff's suit against her, and the decree in that suit dismissing the bill; and, if the plaintiff further prosecutes the first suit, these facts can be found, and the bill be dismissed.

For these reasons, the majority of the court are of opinion that the decree in the first suit should be vacated, and the cause remanded to the court sitting for the county for proceedings in accordance with this opinion; and that the second bill should be dismissed. *So ordered.*

*H. H. Winslow,* for the defendants.

*H. Dunham,* for the plaintiff.