## Dorcas A. Langmaid & others *vs.* Celia A. Reed & another.

Middlesex.	March 24, 27, 1893. — June 22, 1893.

Present: Field, C. J., Allen, Holmes, Knowlton, Morton, Lathrop, & Barker, JJ.

*Equity Practice — Restriction in Deed — Stable — Statute — Superior Court — Jurisdiction.*

The findings of a jury, upon issues submitted to them in a suit in equity, not having been set aside, must be taken to be true ; but the justice who hears the case upon the question of entering the final decree, may find, on the evidence before him, any other material facts not inconsistent with those findings.

Upon an appeal from a final decree in a suit in equity, without any report of the evidence or facts found by the justice who ordered the decree, the only question of law is whether the decree is warranted by the frame of the bill, and is consistent with the findings of a jury to whom issues have been submitted.

If the restriction in a deed expires before the entry of a decree in a suit in equity brought to enforce the restriction, so that no injunction to restrain the violation of the restriction can be ordered, damages may be assessed in the decree for any violation which is proved to have been committed while the restriction was in force.

The Superior Court has no jurisdiction, under St. 1883, c. 223, to enforce the provisions of Pub. Sts. c. 102, § 39, empowering the Supreme Judicial Court to restrain by injunction the unauthorized erection, occupancy, or use of a stable.

The St. 1890, c. 395, by which the Superior Court is given concurrent jurisdiction with that conferred upon the Supreme Judicial Court by Pub. Sts. c. 102, § 39, as amended by St. 1890, c. 230, to restrain by injunction the unauthorized occupancy or use of a stable, does not give to the Superior Court such jurisdiction of a case pending there at the time it took effect, but of which previously that court had no jurisdiction.

FIELD, C. J.   This bill was filed in the Superior Court on February 18, 1890. The principal object of the bill, as originally brought, was to enforce a restriction contained in a deed of land to the defendants,.to the effect " that no building other than a dwelling-house or building usually appurtenant thereto should be erected or maintained on said land for the space of twenty years from the first day of October, A. D. 1871." The bill alleged that the defendant had begun the erection of a building of a kind not usually appurtenant to a dwelling-house, which was to be used for a " livery, trading, and sales stable." The plaintiff's deeds were subject to a similar restriction.   There was also an allegation in the bill that the building which the defendants had begun to erect was designed to be used as a stable for more than four horses, and that they had not obtained any permission from the selectmen of the town of Watertown, where the land was situated, to erect and use such a stable, pursuant to Pub. Sts. c. 102, § 39.   On May 1, 1891, the plaintiffs filed an amendment to the bill, alleging that the defendants had erected a stable of much larger dimensions than were necessary for keeping four horses, and were using the stable " as a sale stable and a place of business "; that they had not obtained permission from the selectmen of Watertown for the erection of such a stable; that such a stable was not a building usually appurtenant to a dwelling-house, and was " a nuisance of such kind and character as to greatly injure and damage the plaintiffs in their property." Certain issues were framed and submitted to a jury.   The findings of the jury were generally in favor of the plaintiffs, except that they found that the building actually erected, which was of somewhat smaller dimensions than that described in the original bill, was such a building as is usually appurtenant to a dwelling-house, and was not a nuisance, as alleged in the amended bill.   The final decree was entered on October 3, 1892, and it appears to have been rendered by the presiding justice after " having heard the evidence and arguments of the parties," etc.   The defendants appealed.   There is no report of any kind.   The papers show only the pleadings ; the issues submitted to the jury and the findings of the jury thereon ; the issuing of a temporary injunction and a modification of it ; and the final decree.

The findings of the jury, not having been set aside, must be taken as true. *Franklin* v. *Greene*, 2 Allen, 519. The justice who finally heard the cause could, however, find on the evidence before him any other material facts not inconsistent with these findings. The appeal brings before us no question of fact, and the only question of law is whether the decree is warranted by the frame of the bill, and is consistent with the findings of the jury. The restriction contained in the deeds expired on October 1, 1891, and therefore was not in force when the decree was rendered, to wit, October 3, 1892, and of course there could be in the decree no injunction against violating the restriction ; but as the restriction had been in force for more than a year and a half after the bill was filed, damages might be assessed for any violation of the restriction which was proved.

The other part of the bill, relating to the erection and use of a stable for more than four horses without the permission of the selectmen of Watertown, is distinct from the first part, and rests wholly upon the statutes. The Pub. Sts. c. 102, § 39, authorized " the Supreme Judicial Court or a justice thereof, in term time or vacation," to issue an injunction " to prevent such erection, occupancy, or use " of a building as a stable for more than four horses in any part of a city or town, except such part as the mayor and aldermen or selectmen may direct. This authority is independent of its power as a court of equity to restrain actual nuisances. A stable used for more than four horses may or may not be a nuisance, but whether it is or not it is competent for the Legislature to say that it shall not be kept except in such places as the mayor and aldermen of a city or the selectmen of towns may permit, and to confer upon a court authority to enforce this prohibition by injunction, because stables in their nature are often offensive to the community, and the use of the m may be regulated by the Legislature. But a majority of the court are of opinion that the Superior Court, under St. 1883, c. 223, did not acquire jurisdiction to enforce the provisions of Pub. Sts. c. 102, § 39, for the reasons given in *Baldwin* v. *Wilbraham*, 140 Mass. 459. See St. 1891, c. 293. The Pub. Sts. c. 102, § 39, was amended by St. 1890, c. 230, passed after this bill was filed. This amendment provides for a license, and confines the injunction which may be

issued to "an injunction to prevent such occupancy or use" without such license, the word "erection" having been omitted. This amendment was itself amended by St. 1890, c. 395, approved June 7, 1890, and the Superior Court was thereby given concurrent jurisdiction with the Supreme Judicial Court to "issue an injunction to prevent such occupancy or use," unless a license was obtained. The St. 1891, c. 220, is confined to stables in cities. The St. 1890, c. 395, did not purport to relate to pending suits in the Superior Court, and we think it cannot be held to give jurisdiction to that court over a case pending there at the time it took effect, but of which previously it had had no jurisdiction. *Wheatland* v. *Lovering*, 10 Gray, 16.

The restriction having expired before the final decree was rendered, and the court having no jurisdiction over the bill to restrain the occupancy or use of a stable for more than four horses without the license of the selectmen, the final decree should be confined to damages for the violation of the restriction while it continued in force. It appears from the findings of the jury, that the building actually erected was such as is usually appurtenant to a dwelling-house, and therefore, as we infer, it was not erected in violation of the restriction, but it also appears that the defendants commenced the erection of a building "of a kind and character not usually appurtenant to dwelling-houses, and of the kind and character and for the use described and set forth in paragraph six of said bill of complaint," and this may have occasioned some damage to the plaintiffs. We do not know from the papers that the justice who entered the decree assessed damages for anything else, and therefore we cannot say that any error appears in this part of the decree. The decree must be reversed as to the injunction, and affirmed as to damages and costs.

*So ordered.*

*G. O. Shattuck & C. Q. Tirrell*, for the defendants.
*E. Avery*, for the plaintiffs.