## EUDORA T. BARKER *vs.* SOPHIA M. MACKAY.

Middlesex.    December 4, 1896. — February 27, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Redemption of Land sold for Non-payment of Taxes — Jurisdiction of Superior Court.*

The Superior Court has no jurisdiction of a bill in equity to redeem land sold by the collector of taxes for the non-payment of taxes.

BILL IN EQUITY, filed in the Superior Court September 8, 1895, to redeem certain land in Boston, which was sold by the collector of taxes on September 17, 1890, for non-payment of taxes. Trial in the Superior Court, before *Dunbar, J.*, who refused to rule, as requested by the defendant, that the court had not jurisdiction, and reported the case for the determination of this court. If the Superior Court had jurisdiction, the decree was to be affirmed; otherwise, the bill was to be dismissed, with costs.

*E. H. Pierce*, for the defendant.

*W. Odlin*, for the plaintiff.

LATHROP, J. In *Mitchell* v. *Green*, 10 Met. 101, argued in 1845, it was held that the Supreme Judicial Court had no juris-

diction in equity of a bill for the redemption of land sold for payment of taxes. The remedy was to tender the amount due, and, if the tender was refused, to bring a writ of entry. *Rand* v. *Robinson*, 11 Cush. 289.

By the St. of 1849, c. 213, § 2, it was provided, " In all cases of sales of real estate for the payment of taxes, the Supreme Judicial Court shall have full equity powers." Under this statute, the court exercised the power granted. *Simonds* v. *Towne*, 4 Gray, 603. See also *Rand* v. *Robinson*, *ubi supra.*

By the St. of 1856, c. 239, § 4, it was provided: " In all cases of sale of real estate for the payment of taxes assessed thereon, the Supreme Judicial Court shall have equity powers, provided relief be sought within five years from such sale." By § 6, the St. of 1849, c. 213, is repealed.

The St. of 1856 appears in the Gen. Sts. c. 12, § 42, with no material change of language. Chapter 12 relates to the collection of taxes. There is no specific mention of the subject in § 2 of c. 113, which relates to the general equity jurisdiction of the court. *Faxon* v. *Wallace*, 98 Mass. 44, and *Gladwin* v. *French*, 112 Mass. 186, were decided under the Gen. Sts. c. 12.

In the Public Statutes the provision again appears in the chapter relating to the collection of taxes; Pub. Sts. c. 12, § 66; and does not appear in c. 151, which relates to the general equity jurisdiction of this court.

By the St. of 1877, c. 178, § 1, it was provided: " The Supreme Judicial Court shall have jurisdiction in equity of all cases and matters of equity, cognizable under the general principles of equity jurisprudence; and in respect of all such cases and matters, shall be a court of general equity jurisdiction." This is now incorporated in the Pub. Sts. c. 151, § 4.

The Superior Court first obtained jurisdiction in equity by the St. of 1883, c. 223. Section 1 provides: " The Superior Court shall have original and concurrent jurisdiction with the Supreme Judicial Court in all matters in which relief or discovery in equity is sought, with all the powers and authorities incident to such jurisdiction." By § 2, it is provided that all the sections of the Pub. Sts. c. 151, except certain sections named, among which is § 1, shall apply to suits in equity in the Superior Court.

Section 1 of the Pub. Sts. c. 151, provides : " In addition to the jurisdiction in equity otherwise conferred, the Supreme Judicial Court shall have original and exclusive jurisdiction," etc.

The St. of 1888, c. 390, entitled " An Act to amend and codify the statutes relating to the collection of taxes," by § 95, expressly repeals, among other acts, the Pub. Sts. c. 12, but the same section provides : " The provisions of this act, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments." Section 76 is as follows : " In all cases of taking or sale of real estate for the payment of taxes assessed thereon, the Supreme Judicial Court shall have equity powers, if relief is sought within five years from the taking or sale." This is simply a repetition of the Pub. Sts. c. 12, § 66, and, according to the language of § 95, is to be construed as " a continuation of such laws." It would seem, therefore, that, if the Superior Court had jurisdiction of such a petition as the one before us, such jurisdiction would not be repealed by implication by § 76. It is unnecessary, however, to decide this point, for we are of opinion that the Superior Court never had such jurisdiction.

The effect of the St. of 1883, c. 223, § 1, was considered in *Baldwin* v. *Wilbraham*, 140 Mass. 459, where it was held that a petition by ten taxable inhabitants of a town, to restrain the town from an illegal expenditure of money, could not be brought in the Superior Court. It was said by Chief Justice Morton : " The language of the statute is broad, and, without doubt, it was intended to confer upon the Superior Court concurrent jurisdiction in equity in all suits between individuals involving private rights, of which the Supreme Judicial Court has jurisdiction by virtue of the general principles of equity jurisprudence. But there are numerous provisions of our statutes which confer upon the Supreme Judicial Court, sitting as a court of equity, certain special powers and duties not within the general jurisdiction of a court of equity." One reason given for reaching the conclusion that the Superior Court had not jurisdiction of such a petition is, that it is not included in the enumeration of the equity powers which are given to the Superior Court in the Pub. Sts. c. 151, § 2, and that § 2 of the St. of 1883 expressly excepts § 1 of the Pub. Sts. c. 151. The case of *Baldwin* v.

*Wilbraham* has been followed in *Steele* v. *Municipal Signal Co.* 160 Mass. 26, which was also a petition by ten taxpayers of a town, and in *Langmaid* v. *Reed*, 159 Mass. 409, where it was held that the Superior Court had no jurisdiction in equity of the power conferred by the Pub. Sts. c. 102, § 39, to prevent the erection, occupancy, or use of a building as a stable for more than four horses. Jurisdiction has, however, since been given to the Superior Court in such a case by the St. of 1890, c. 395.

The reasoning of the court in *Baldwin* v. *Wilbraham*, and in the cases which have followed it, apply to the case at bar. Moreover, we have been referred to no case or text-book, and we have found none, in which a petition to redeem land from a valid sale for taxes has been held to be within the general powers of a court of equity.

There are some cases cited by the plaintiff which may be briefly disposed of. *O'Day* v. *Bowker*, 143 Mass. 59, was brought in this court, and not in the Superior Court. In *Ladd* v. *Chase*, 155 Mass. 417, the bill was treated by the court as one filed by an executor for instructions, and so was held to be within the general equity jurisdiction of the Superior Court.

The case of *Smith* v. *Smith*, 150 Mass. 73, which was not cited by the plaintiff, decided that the Superior Court had, under its general equity powers conferred by the St. of 1883, jurisdiction of a bill in equity to remove a cloud upon title resulting from an invalid tax sale, the statute which we have considered in the case at bar being held applicable only to valid tax sales.

In *Stone* v. *Stone*, 163 Mass. 474, no question of the jurisdiction of the Superior Court was raised by the defendant or considered by this court.

According to the terms of the report the order must be,

*Bill dismissed, with costs.*