LUDWIG WIDERSUM & others *vs.* ANTON BENDER & others.

Suffolk.    December 5, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Life Estate — Remainder — Redemption of Real Estate from Tax Sale — Fraud.*

At the trial of a bill in equity under St. 1888, c. 390, § 76, to redeem real estate from a tax sale, it appeared that the plaintiff was the owner of a remainder in fee after the life estate of the defendant B., whose duty it was to pay the tax, that B. and H., who purchased the tax title a week after the sale, kept the sale secret from the plaintiff in order to cause him to lose the right of redemption, thus wrongfully conspiring to defraud him, that B. and H., more than two years and less than five years from the tax sale, joined in a deed to the defendant R. which gave him the fee, if the tax title could not be redeemed, and he gave back to H. a mortgage still outstanding.    It was not alleged that R. took with notice of the right to redeem, nor that he was a party to or chargeable with knowledge of the fraud or conspiracy of B. and H., and his answer did not allege that he was a purchaser without notice and in good faith.    The defendant W., who was the original purchaser at the tax sale, sold out his title immediately after the sale, and by his answer said that he had no interest in the estate.    A decree was entered that the plaintiff pay to the defendant R. the original sum paid by him, with all intervening sums paid as taxes, with interest to the date of the decree, and costs, and that R. give to the plaintiff a deed of release, and that he pay to

the plaintiff the costs of suit. *Held*, that the decree was to be affirmed with costs, but with leave to the plaintiff to apply to a single justice for a modification as against B. and H., and requiring H. to release the remainder from the operation of the mortgage, and that the bill was to be dismissed as against W., but without costs.

BILL IN EQUITY, filed April 10, 1897, against Anton Bender, Caroline Reichardt, Ernst Hormel, and Willard Welch, to redeem certain real estate from a tax sale. A decree was entered in this court " that the plaintiffs pay to the defendant Caroline Reichardt the original sum paid to the collector of taxes of the city of Boston, together with all intervening sums paid as taxes upon said estate, with interest to the date of the decree, and the lawful costs, amounting to $81.26 ; that the defendant Caroline Reichardt execute, acknowledge, and deliver to the plaintiffs a deed of release of the remainder in fee of said estate from the tax sale in said plaintiffs' bill set forth ; and that the defendant Caroline Reichardt pay to the plaintiffs the costs of this suit, to be taxed by the clerk of this court." The defendant Reichardt appealed to the full court.

*F. C. Dowd*, for the defendant Reichardt.

*T. F. McDonough*, for the plaintiffs.

BARKER, J. The tax sale from which the plaintiffs seek to redeem took place on October 18, 1893, and this bill was filed on April 10, 1897. Under the provisions of St. 1888, c. 390, § 76, this court has equity powers in all cases of taking or sale of real estate for the payment of taxes assessed thereon, if relief is sought within five years from the taking or sale. While this provision does not in every case extend the time of redemption to five years, it allows the court to decree redemption upon a bill filed within five years from the sale, if the circumstances render it equitable. *O'Day* v. *Bowker*, 143 Mass. 59. See also *Smith* v. *Smith*, 150 Mass. 73, 74 ; St. 1849, c. 213, § 2 ; St. 1856, c. 239, § 4 ; Gen. Sts. c. 12, § 42 ; St. 1878, c. 266, § 14 ; Pub. Sts. c. 12, §§ 49, 66 ; St. 1888, c. 390, §§ 57, 76 ; *Mitchell* v. *Green*, 10 Met. 101 ; *Rand* v. *Robinson*, 11 Cush. 289 ; *Parker* v. *Baxter*, 2 Gray, 185 ; *Simonds* v. *Towne*, 4 Gray, 603 ; *Rogers* v. *Rutter*, 11 Gray, 410 ; *Tinslar* v. *Davis*, 12 Allen, 79, 80 ; *Faxon* v. *Wallace*, 98 Mass. 44 ; *Loud* v. *Charlestown*, 99 Mass. 208, 209 ; *Gladwin* v. *French*, 112 Mass. 186, 187 ; *Dewey* v. *Donovan*, 126 Mass. 335,

337 ; *Langley* v. *Chapin*, 134 Mass. 82, 88; *Sherwin* v. *Boston Five Cents Savings Bank*, 137 Mass. 444, 446, 447.

As there is no report of the evidence or of the facts found by the single justice, the only question brought up by the defendant's appeal is whether the decree is one which could be entered upon the bill. We think that the bill alleges circumstances which make it equitable to allow the plaintiffs to redeem. They were owners of a remainder in fee, after the life estate of the defendant Bender, whose duty it was to pay the tax. Bender and Hormel, who purchased the tax title a week after the sale, kept the sale secret from the plaintiffs in order to cause them to lose the right of redemption, and, intending to prevent the plaintiffs from redeeming, wrongfully conspired to defraud them. Bender owning the life estate and Hormel the tax title on December 3, 1896, more than two years and less than five from the tax sale, joined in a deed to the defendant Reichardt, which gave her the fee, if the tax title could not be redeemed, and she gave back to Hormel a mortgage yet outstanding. It is not alleged that Reichardt took with notice of the right to redeem, nor that she was a party to or chargeable with knowledge of the fraud or conspiracy of Bender and Hormel. But her answer does not allege that she was a purchaser without notice and in good faith, and such an allegation, if made, might not have been proved. There was nothing to prevent a finding that the appellant took her title under such circumstances as made it equitable to allow the plaintiffs to redeem.

The decree therefore cannot be reversed because of the defendant's appeal. It is evident, however, that it does not give the plaintiffs all the relief to which they are entitled. The defendant Hormel should execute and deliver a release of the plaintiffs' remainder from the operation of his mortgage. An inspection of the record shows that the single justice directed a decree for the plaintiffs as against all the defendants except Welch, the original purchaser at the tax sale, who sold out his title immediately after the sale, and who by his answer said that he had no interest in the estate. The result is, that the decree is to be affirmed with costs of the appeal, but with leave to the plaintiffs to apply to a single justice for a modification of the decree as against the defendants Bender and Hormel, and

requiring Hormel to release the plaintiffs' remainder from the
operation of his mortgage, and that a decree be entered by the
single justice dismissing the bill as against the defendant Welch,
but without costs.                                    *So ordered.*