WILLIAM KELLOGG *vs.* EDWARD P. DICKINSON.
SAME *vs.* SAME.

Hampshire.        September 18, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Promissory Note — Mortgage — Statute of Limitations — Presumption
of Payment.*

A promissory note was given on January 9, 1847, payable one year after date, and
bore, under date of January 8, 1853, this indorsement, signed by the maker:
"Paid on the within note ten dollars, and agree that I will not take any advan-
tage of the statute of limitations." A mortgage of even date was given to secure
the note by the maker, who held the mortgaged premises until his death, in 1880.
At the trial of an action to recover the balance due on the note, and of a writ
of entry to foreclose the mortgage, both brought in 1887, there was no evidence
of any consideration for the agreement indorsed on the note, nor, beyond it, of
any recognition or acknowledgment of the note, mortgage, or debt, or of any
demand for the payment of the debt, interest, or rent until 1885. *Held,* that the
note was barred by the statute of limitations, and that the presumption was, in
the absence of evidence to control it, that the mortgage debt had been paid.

THE FIRST CASE was an action of contract against the ad-
ministrator of the estate of Porter Dickinson, to recover a
balance due the plaintiff as the holder and owner of the fol-
lowing promissory note : " Amherst, January 9th, 1847. For
value received, I promise to pay James Kellogg, or order, five
hundred dollars, in one year from date, with interest. Porter
Dickinson." Upon the note was the following indorsement:
" Amherst, January 8, 1853. Paid on the within note ten
dollars, and agree that I will not take any advantage of the
statute of limitations. Porter Dickinson." Writ dated May
9, 1887.

The first count of the declaration set out the making of the
above note by the intestate, and alleged that such balance was
due the plaintiff thereon. The second count was as follows :
" And the plaintiff further says, that the defendant's intestate,
on the 7th day of January, A. D. 1853, in consideration of ten
dollars allowed on the amount of said note, and in further con-
sideration of forbearance to sue the same, and delay and indul-
gence granted on the part of said James Kellogg, the payee of
said note to the defendant's intestate, agreed with and promised

said payee that he, the defendant's intestate, would take no advantage of the statute of limitations as a defence against the said note set out in the first count. And the plaintiff says, that within six years now last past both the defendant's intestate and the defendant as his administrator have taken advantage of said statute, and refused to pay said note, because, as defendant claimed and alleged, it was barred by the statute of limitations. And the defendant is liable to pay the plaintiff the full amount of said note, and interest thereon as damage for the breach of his said agreement and promise." The answer set up, among other defences, the statute of limitations.

THE SECOND CASE was a writ of entry, dated May 7, 1887, to foreclose a mortgage of a parcel of land in Amherst, given by the intestate to James Kellogg, on January 9, 1847, to secure the payment of the above note.

The cases were tried together in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows.

James Kellogg, the payee of the note, and the mortgagee, died on March 23, 1868, testate, and William Kellogg, his son, as the residuary legatee under the will, became the owner of the note and mortgage. Porter Dickinson, the maker of the note, and the mortgagor, died on November 13, 1880, and Edward P. Dickinson was appointed administrator of the estate on October 13, 1885.

William Kellogg testified that he had the charge of his father's business during the last two or three years of his life; that he had always known of the existence of the note and mortgage in question; that nothing had ever been paid on the note since January 7, 1853; that the demanded premises had been in the possession of Porter Dickinson, and occupied by him as a homestead, from the making of the note and mortgage until he died, and, after his death, by Edward P.; and that no rent had ever been paid for such premises. It also appeared in evidence that the wife of Porter Dickinson had been, before her marriage, brought up in the family of James Kellogg, the payee of the note, and that the relations between the families were friendly.

There was no evidence in the case that the note or mortgage had ever in any way been acknowledged or recognized as an

existing and unpaid debt since January 7, 1853, the time of the indorsement on the note, save as the indorsement itself constituted such acknowledgment or recognition, or that any demand for payment of debt, interest, or rent had been made from January 7, 1853, to the year 1885.

In the first case the defendant asked the judge to rule, that the note was barred by the statute of limitations; and in the second case, "1. that the action is barred; that if there has been no recognition of the debt, no payment either of the principal or interest, nor in any way admitting the note was unpaid for the period of twenty years, this would be good presumptive proof of payment, and would be a good defence to the action; 2. that the note in suit being a mortgage note, if there has been no recognition of it, no payment either of principal or interest, nor in any manner admitting that the note was unpaid within twenty years of bringing suit, this would be good presumptive evidence of payment, and the burden of proof would be upon the plaintiff; 3. that mere silent acquiescence in the plaintiff's demand is not sufficient to repel the presumption of payment, but there must be some positive act of unequivocal recognition, like part payment or written admission, or a clear and well identified verbal promise or admission intelligently made within the period of twenty years; 4. that there is no evidence in this case, in behalf of the plaintiff, to defeat or overthrow the presumption of payment."

The judge refused so to rule, and ruled that, if the indorsement on the note was made by Porter Dickinson, it had the legal effect of barring the defence by the defendant of the statute of limitations, but the defence of an actual payment was open to the defendant, the burden of proof being upon the defendant to prove such payment; that, though the defendant could not technically rely upon the statute of limitations, yet he was entitled to the presumptions that ordinarily flow from the lapse of time on the issue of payment; that the defence of the statute of limitations failing, and the payment of the note not being proved, the debt secured by the mortgage was not paid; and as the note and this debt were inseparable from the mortgage, that the mortgage was in full force, and in the second case the demandant was entitled to recover.

The jury returned a verdict for Kellogg in each case; and the defendant alleged exceptions.

*T. G. Spaulding*, for Kellogg.

*W. Hamlin & F. E. Paige*, for the administrator.

KNOWLTON, J.   The first of these actions was brought to recover the balance of a promissory note for $500, owned by the plaintiff, and signed by the defendant's intestate, dated January 9, 1847, payable one year after date, and bearing an indorsement in these words: "Amherst, January 8, 1853. Paid on the within note ten dollars, and agree that I will not take any advantage of the statute of limitations. Porter Dickinson." The second is a writ of entry to foreclose a mortgage given to secure payment of this note. Both suits were commenced on May 9, 1887. There was no evidence, outside of the papers, that the note or mortgage, or the debt secured by them, had in any way been recognized or acknowledged since January 7, 1853, the time of the indorsement, or that any demand for payment of debt, interest, or rent had been made from that time to the year 1885. The defendant in the first case contended, and asked the court to rule, that the note was barred by the statute of limitations. The court refused so to rule, and ruled that, "if the indorsement of the note declared on was made by Porter Dickinson, it had the legal effect of barring the defence by the defendant of the statute of limitations."

It is unnecessary to decide in this case whether a separate contract not at any time in the future to set up the statute of limitations as a defence to a promissory note, entered into for a valuable consideration by the maker of the note, would be void as against public policy.  The statute of limitations would not begin to run upon such a contract so long as it remained unbroken.  Assuming, without deciding, that in a suit upon the note, brought many years after its maturity, a contract of this kind would avail the plaintiff, either by way of estoppel, or to avoid circuity of action, as an answer to a plea of the statute of limitations by the defendant, the indorsement upon the note in the present case can have no such effect.  For there was no evidence at the trial of any consideration for the agreement contained in it; and the court took from the consideration of the jury the second count in the declaration, alleging the exist-

ence and breach of such a contract, on the ground that there was no evidence to sustain it.

There were only two ways in which this agreement could be operative. It was a sufficient acknowledgment and new promise to take the note out of the statute. Perhaps, also, it created a technical estoppel against the maker. See *Burton* v. *Stevens*, 24 Vt. 131. *Utica Ins. Co.* v. *Bloodgood*, 4 Wend. 652. *Quick* v. *Corlies*, 10 Vroom, 11.

Considered as an acknowledgment and new promise, it extended the time during which the note could be sued to the end of six years from the date of the indorsement, and no longer. In that aspect, it is therefore of no avail to the plaintiff in this suit. If, as appears probable, the agreement was signed under such circumstances, and was so acted upon, as to work an estoppel against the defendant, two questions arise: First, can such an estoppel be effective in any case after the expiration of six years from the act relied on as creating it? Secondly, if it can, was the language of this indorsement intended to have effect for a longer time than six years? The first of these questions it is unnecessary to consider, for the answer to the second is decisive of the case. The indorsement was written the day before the expiration of six years from the date, and five years less three days from the maturity of the note. It plainly indicates that the parties were considering the effect upon their rights of the lapse of time after the note was made. That, if taken advantage of by the maker, would enable him to avoid payment of it unless it should be sued within a year and four days. They may have made the mistake of believing that the six years named in the statute ran from the date of the note. Whether they did or not, the natural construction of the agreement makes it relate to the time which had already expired. It was in reference to that only that there was any occasion to stipulate. As applied to that, the agreement was pertinent and proper. If construed to cover an indefinitely long time in the future, it would be extraordinary, and contrary to the policy of the law. In the absence of an explicit statement to that effect, the parties cannot be supposed to have intended that a note, then nearly five years overdue, should be left unpaid, without further action or negotiation by either party, for more than six years longer. And the fact

that this agreement was made in connection with a payment of the small sum of ten dollars, indorsed upon the note, strengthens the probability that the parties contemplated merely a renewal of the obligation which would leave the maker liable for six years from that date. The promise, upon which the payee acted, was to refrain from pleading the statute in reference to the past, and not in reference to the future. There is, therefore, no estoppel applicable to this suit, and the action upon the note is barred by the statute of limitations. See *Cowart* v. *Perrine*, 6 C. E. Green, 101, 102.

In the second suit, the possession of the demanded premises by the mortgagor, and those claiming under him, for more than twenty years, without recognition of the mortgage or of the debt secured by it, was presumptive proof of payment, which, in the absence of evidence to control it, entitled the tenant to a verdict. *Cheever* v. *Perley*, 11 Allen, 584. *Andrews* v. *Sparhawk*, 13 Pick. 393, 400. *Howland* v. *Shurtleff*, 2 Met. 26. *Bacon* v. *McIntire*, 8 Met. 87. Mr. Justice Wilde, in *Andrews* v. *Sparhawk*, says : " Such length of time does not, it is true, operate as an absolute bar, for it may be satisfactorily accounted for by proof of special circumstances ; but it furnishes strong evidence of the extinguishment of the claim or right set up, and is to be held conclusive unless the presumption can be repelled by other evidence." In *Cheever* v. *Perley*, it is said that, to rebut the presumption of payment, " some positive act of unequivocal recognition, like part payment, or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made within the period of twenty years, is required."

Probably the learned judge who presided at the trial was of opinion that the indorsement upon the note took the mortgage out of the rule laid down in these cases. But, with the construction which we have given to the indorsement, the instructions to the jury were erroneous.

*Exceptions sustained.*