GEORGE A. SMITH *vs.* LYDIA SMITH.

Dukes County.   October 23, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Superior Court — Equity Jurisdiction — Invalid Tax Sale — Cloud upon Title — Redemption — Statute of Limitations.*

The Superior Court, under the general equity powers conferred upon it by the St. of 1883, c. 223, has jurisdiction of a bill in equity to remove a cloud upon title resulting from an invalid tax sale.

The Pub. Sts. c. 12, § 66, conferring equity jurisdiction upon this court to redeem land sold for taxes, if relief is sought within five years from such sale, refer only to tax sales that are valid.

BILL IN EQUITY, filed in the Superior Court on February 16, 1888, to remove a cloud upon the title of the plaintiff to a lot of land in Cottage City. The case was heard by *Brigham*, C. J., who made a decree for the plaintiff, from which the defendant appealed to this court; and was as follows.

On November 30, 1878, the plaintiff became the owner of the land in question, being a portion of a tract known as the "Offset or Goat Pasture." No permanent bounds or fences were ever established or maintained between the land in question and the remainder of the tract. In 1879 and 1880 taxes upon the land were duly assessed to the plaintiff, and were paid by him. In 1880 the assessors of Cottage City also assessed taxes upon the same land to Amoz Smith, who never had any record title thereto, or claimed to own it, but who used it for many years for pasturage purposes with the oral permission of a former owner. Upon the non-payment of such tax by Amoz Smith, the collector of taxes of that town, on June 21, 1882, sold the

land by public auction to one Woodward, who subsequently conveyed it to the defendant.

*H. K. Braley*, for the plaintiff.

*J. Brown*, for the defendant.

DEVENS, J. The defendant claims through mesne conveyances under a deed made by the collector of Cottage City at a tax sale, which is alleged to be defective for several reasons. She does not appear by any facts to have been, when the bill was brought, in possession of the land in question, which has never been enclosed by permanent bounds or fences, nor does it appear that she or those under whom she claims have ever occupied the same.

A court of equity, by virtue of its general powers, will entertain a bill to remove a cloud upon a title occasioned by a deed or similar instrument which may be vexatiously or wrongfully used to invalidate or throw suspicion upon it, where a plain, complete, and adequate remedy at law does not exist. *Martin v. Graves*, 5 Allen, 601. Such bills have been often maintained where the title to land has been liable to be affected by deeds given under defective tax sales. *Clouston v. Shearer*, 99 Mass. 209, 211. *Davis v. Boston*, 129 Mass. 377. *Forster v. Forster*, 129 Mass. 559, 566. *Holt v. Weld*, 140 Mass. 578, 579. *Russell v. Deshon*, 124 Mass. 342. The discretionary power given by the Pub. Sts. c. 176, §§ 1, 2, by which in a proper case a party may be ordered to bring an action at common law to try his title, has not limited this general authority of courts of equity. *Clouston v. Shearer*, 99 Mass. 209. Whether, therefore, the contention of the defendant that a petition under the Pub. Sts, c. 176, and under the St. of 1889, c. 442, can only be brought in this court is correct or not, is unimportant, as this bill was properly brought in the Superior Court under the general equity powers conferred upon it by the St. of 1883, c. 223.

Nor can the defendant's contention that this bill cannot be maintained because it was not brought within five years from the tax sale, be sustained. She bases this upon the Pub. Sts. c. 12, § 66, which provide that "in all cases of taking or sale of real estate for the payment of taxes assessed thereon, the Supreme Judicial Court shall have equity powers if relief is sought within five years from the taking or sale." In *Mitchell*

v. *Green*, 10 Met. 101, it had been held, although before the statute giving full equity jurisdiction to this court, that it had no jurisdiction in equity of a suit for the redemption of land sold for taxes. The object of the Pub. Sts. c. 12, § 66, is to provide a remedy when a party desires to redeem his land from a sale lawfully made for taxes. It has no reference to a case where there has been no lawful sale, and where a party asserts his right as against a sale made without legal authority.

As the defendant did not in her argument contend that the tax upon the land was lawfully assessed, or that the attempted sale thereof was valid, we deem it unnecessary to discuss these questions.                                        *Decree affirmed.*