MILON S. JENKINS *vs.* TRUSTEES OF ANDOVER THEOLOGICAL SEMINARY.

Essex.    January 18, 1910. — March 4, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Mortgage*, Of real estate.  *Adverse Possession.  Limitations, Statute of.  Payment. Evidence*, Presumptions and burden of proof.

If a man makes a mortgage of a farm, purporting to convey the whole title, whereas his interest in it is a remainder after the death of his father who holds it as tenant by the curtesy, and if after the making of the mortgage the mortgagor continues to live upon the mortgaged property operating the farm in connection with his father until a period of more than twenty years has elapsed after the maturity of the mortgage note, during which no payment of principal or interest has been made upon the mortgage and no acknowledgment of the mortgage or promise to pay has been made, such sharing by the mortgagor in the occupation by his father is not possession of the property by the mortgagor, and cannot be relied upon to establish a title in him at common law by adverse possession against the mortgagee, nor can it be made the basis of proceedings under R. L. c. 182, § 15, to have the mortgage declared to be discharged.

The fact that an action upon a note secured by a mortgage is barred by the statute of limitations does not affect the validity of the mortgage securing the payment of the note.

The presumption that a witnessed promissory note has been paid when it has been due for more than twenty years is a presumption of fact which can be rebutted by any legal evidence showing that the note has not been paid.

In a suit in equity against the assignee of a mortgage on the plaintiff's land seeking the cancellation and discharge of the mortgage, which had been given to secure a witnessed note, which was payable more than twenty years before the filing of the bill and on which no payment of principal or interest had been made during that time, the plaintiff contended that it must be presumed that the note had been paid. It appeared that, when the plaintiff gave the mortgage, his interest in the land was that of a remainderman, subject to a life estate in his father who was a tenant by the curtesy, and that the plaintiff after giving the mortgage lived with his father upon the land until the death of his father, which occurred less than three years before the filing of the bill, and that thereafter the plaintiff occupied the land as his own, that ever since the making of the mortgage the mortgage and the note were and continued to be in the custody of the mortgagee or of the defendant as his assignee, that the mortgagee and the defendant frequently wrote to the plaintiff and received no answer, and that they had refrained from taking steps to foreclose the mortgage because they were informed by counsel that they could do nothing until the death of the life tenant, that upon the death of the plaintiff's father they demanded payment from the plaintiff, who made no pretense that the note had been paid, although he refrained from making

any promise or any express recognition of the validity of the mortgage, and spoke of his hard luck and his poverty, that the plaintiff was present at the trial and did not take the stand to testify, and it did not appear by the record that he ever had said that the note was paid. *Held*, that, giving due weight to the presumption of payment arising from the lapse of time, the evidence showed so strongly that the note had not been paid, that a finding of a trial judge to the contrary would be reversed as clearly wrong; and that, the note not having been paid, the mortgage stood as security for the debt.

HAMMOND, J.   This is a bill in equity in which the plaintiff asks the court to order the defendants to cancel and discharge a mortgage held by them upon certain real estate owned by him, and to release the property " from the lien thereof."

The bill sets out the plaintiff's title to the land,* the mortgage thereon given by him to the trustees of Phillips Academy (from whom the defendants claim as assignees) and the further averments (contained in the sixth paragraph) " that since the twenty-third day of May, 1884, no sum has been paid by him upon said mortgage as principal or interest, and no sum has been paid as rent for said premises by him to the mortgagees or to any person entitled to the estate of said mortgagees or representing the interests of said mortgagees, and that no demand has been made upon him for the payment of any part of said principal or the interest accrued thereon, if any such has accrued, and that during all the time from the said twenty-third day of May, 1884, the plaintiff has been operating said farm in connection with his father, the said Benjamin F. Jenkins; and that to the best of the plaintiff's knowledge no demand was ever made during said period from the twenty-third day of May, 1884, to the present upon said Benjamin F. Jenkins for the payment of the mortgage debt or any part thereof or for interest on the said mortgage debt, and that no part of the mortgage debt, or interest, or rent, was ever paid by the said Benjamin F. Jenkins dur-

---

* The mortgaged property consisted of a farm and farm buildings which belonged to Abbie F. Jenkins, who died intestate on April 28, 1872.   The plaintiff was the only child of Abbie F. Jenkins and of her husband Benjamin F. Jenkins, who died on March 24, 1907.   The bill was filed on November 22, 1909.   The mortgage and the mortgage note were dated May 23, 1883.   The note was for $3,000 and interest and was due on May 24, 1884. The note was witnessed.   In the mortgage deed the plaintiff covenanted that he was lawfully seised in fee simple of the granted premises, and that they were free from all incumbrances.

ing his lifetime." Then, after setting out that the defendants have advertised the premises for sale under the power contained in the mortgage, it alleges "that by reason of the foregoing premises the assignees of said mortgage have no valid claim upon said premises under said mortgage, and no valid claim against the plaintiff upon the note secured by said mortgage, and that said assignees have no claim upon or any right, title or interest in the said premises, and no authority or right to execute said power of sale by the sale of said premises as advertised."

The answer substantially admits the title of the plaintiff and the delivery of the mortgage, all as alleged in the bill. The defendants further admit that " since the twenty-third day of May, 1884, no sum has been paid by the plaintiff or by Benjamin F. Jenkins upon said mortgage as principal or interest; that no sum has been paid as rent for said premises by the plaintiff or by the said Benjamin F. Jenkins to the mortgagees or to any persons entitled to the estate of the said mortgagees or representing the interest of said mortgagees, and that the plaintiff has been in possession of said premises as alleged in the sixth paragraph of the plaintiff's bill." They deny that the mortgage is invalid and aver that they are the holders thereof by assignment from the original mortgagees, that no part of the principal or interest has been paid, that they have made repeated demands upon the plaintiff, and that at various times he has promised the defendants to pay the same, and that the mortgage is a valid and subsisting lien upon the real estate.

There was a hearing before a judge of the Superior Court,* at which evidence, some oral and some written, was introduced. Upon the pleadings and the evidence there was a decree for the plaintiff as prayed for, and the case is before us upon the defendants' appeal therefrom.

It is to be noted that nowhere does the bill allege that the debt secured by the mortgage has been paid. The plaintiff's only ground for relief as set out in his bill is that stated in the sixth paragraph, as hereinbefore quoted. In his brief he uses the following language : " The plaintiff's ground for equitable relief, temporary and permanent, was that the mortgage was in-

---

* *Hardy*, J.

valid for the reason that more than twenty years had elapsed since any payment or acknowledgment of the mortgage had been made by the plaintiff, or any promise made sufficient to rebut the presumption that the debt secured by the mortgage had been paid. . . . In the defendants' answer no claim is made and at the trial no evidence was introduced of any payment by the plaintiff or any promise to pay or any act from which such payment or promise might be inferred." Upon this ground alone did the plaintiff rest his rights to the relief for which he asked.

There can be no doubt that at common law continued possession by a mortgagor and those under whom he claims for twenty years after the mortgage debt is payable, without any entry or claim by the holder of the mortgage, creates a presumption that the mortgage debt is paid. *Howland* v. *Shurtleff*, 2 Met. 26. But it is not a conclusive presumption of law, but simply one of fact, which may be controlled by evidence of part payment or other circumstances warranting a conclusion that the debt was not paid. *Cheever* v. *Perley*, 11 Allen, 584, 586. In this last case it was said by Colt, J. (p. 587), that to control this presumption " some positive act of unequivocal recognition, like part payment or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made within the period of twenty years, is required."

If this principle of law were applicable to this case there would seem to be no valid defense to the bill. Before the filing of the bill more than twenty years had elapsed since any sum had been paid upon the mortgage, and the evidence might fairly have been regarded by the trial judge as falling far short of that required by the rule laid down as above stated in *Cheever* v. *Perley.* But in the present case there is lacking one condition essential for the application of this rule, and it so happens that it is the very condition upon which the presumption is chiefly based. The condition is that the mortgagee shall have suffered the mortgagor to remain in possession twenty years after condition broken, without taking possession to enforce his claim, or in other words, that the mortgagee having the right to enter upon the land shall have allowed the mortgagor, or those under whom he claims, to remain in possession twenty years without any recognition of the validity of the mortgage.

As stated by Cushing, J., in *Ayres* v. *Waite*, 10 Cush. 72, 76, "Such lapse of time, and the neglect on the part of the mortgagee to enforce the claim, while another is exercising an adverse possession, are grounds for a presumption in fact, which, unexplained and uncontrolled, authorize a jury to infer that the mortgage is satisfied." It is analogous to the principle of acquiring title by adverse possession.

In the case before us the mortgagor held the estate subject to the life estate of his father holding as tenant by curtesy, and the mortgage, although expressed to be of the whole estate, in reality covered only the remainder after the life estate. It is true, as the plaintiff alleges in his bill, that he always had lived upon the farm, and that ever since the mortgage came due he had been operating the farm in connection with his father, but in view of the existence of his father's life estate this allegation of possession, so far as existing during the lifetime of his father, must be regarded as referring to possession, not as a tenant in fee, because he was not such, nor as a remainderman, because as such he had no right to possession, but as under the life estate of his father who alone had the right. And the admission in the answer that the plaintiff "has been in possession of said premises as alleged in the sixth paragraph" of the bill is no broader than the allegation.

Such a possession is not of the real thing actually conveyed to the mortgagees. With such a possession the mortgagees could not interfere. Under the mortgage they acquired no actual right to enter and take and retain possession. The time in which they legally could do that did not come until after the death of the life tenant, which occurred in March, 1907. This is not a case where the mortgagor and those claiming under him hold possession for the required twenty years after breach of condition, but where the mortgagor was in under the right of the life tenant, a right not legally covered in fact by the mortgage. The possession was that of the life tenant, whose title came not from the mortgagor but was superior to the latter's title so far as respected the right of possession. In failing to exercise a right the defendants did not have, the defendants were not in fault. One of the main and essential conditions of the rule being absent, the rule is not applicable

to this case.   For the same reason the case is not within the provisions of R. L. c. 182, § 15.   If it were, a different result might be reached.

It may be argued however in behalf of the plaintiff that even if this rule upon which he relies is not applicable, still there is another rule upon which he can prevail, and that is the common law principle, applicable generally as well to debts secured by mortgages as to debts not secured, that after twenty years after. a debt is matured it is presumed to be paid.   *Oswald* v. *Legh*, 1 T. R. 270.   This rule is called a "familiar common law principle" in *Denny* v. *Eddy*, 22 Pick. 533, 535, and has been several times recognized by this court.   It exists independently of the narrow rule specially applicable to mortgages, which rule we have been considering.

A mortgage of real estate is a conveyance, and it stands until the debt in the eye of the law is paid ; and that is so even if the evidence of the debt be changed, as for instance by a renewal note, provided always that the debt be and remain the same debt, (*Pomroy* v. *Rice*, 16 Pick. 22 ;) and even if the personal liability of the mortgagor be extinguished by the statute of limitations.   If the debt be paid, however, the mortgage is satisfied. If, then, by the rules of law the debt secured by the mortgage under consideration is to be regarded as paid, then irrespectively of the possession or the right of possession, the mortgage must be discharged.   The debt was in the form of a note dated May 23, 1883.   It became due May 24, 1884, and the last indorsement is dated April 21, 1885, being of interest to April 1, 1885.   If after the expiration of the twenty years an action had been brought against the maker of this note, (the plaintiff in this suit,) to enforce his personal liability, he could have set up two separate defenses, one the statute of limitations and the other, payment.   And if the evidence had been the same as it is in the case before us the defense under the statute of limitations would have been complete.   R. L. c. 202, § 1, cl. 3 ; §§ 12, 13.   But a verdict for him on that issue would not of itself entitle him to a cancellation and discharge of the mortgage because the mortgage, as above stated, stands, even although the action to enforce personal liability on the note be barred by the statute of limitations.   The result would be different had the defense of payment

prevailed.　Upon that issue also, the period of twenty years is an important fact, but in a somewhat different way.　It raises a presumption that the note has been paid, and unless controlled by other evidence the presumption is conclusive.　And that is so even if in truth the note has not been actually paid.　Unless the presumption is thus controlled the note is regarded as in law paid and the mortgage is satisfied.

But this presumption being one of fact can be controlled by evidence; and any kind of evidence tending to show that the note has riot been paid is admissible.　Such evidence does not need to be of the kind required to take the case out of the statute of limitations, (*Day* v. *Crosby*, 173 Mass. 433;) and it may be sufficient to control the presumption even although it in no respect contains any " positive act of unequivocal recognition " or even " a clear and well identified verbal promise or admission, intelligently made within the period of twenty years," characteristics hereinbefore quoted from Colt, J., in *Cheever* v. *Perley*, 11 Allen, 584, 587, as requisite where the mortgagor has been in possession twenty years.　On the contrary, as stated by Colburn, J., in *Walker* v. *Robinson*, 136 Mass. 280, 282, a case in which the question was whether a judgment had been paid, " The presumption declared in this statute [said in *Denny* v. *Eddy, ubi supra,* to be a mere statutory enactment of the common law presumption that after twenty years the debt is presumed to be paid] may be rebutted by evidence showing that the judgment has not in fact been paid, but remains justly due. *Denny* v. *Eddy,* 22 Pick. 533.　*Knapp* v. *Knapp,* 134 Mass. 353. *Brewer* v. *Thomes,* 28 Maine, 81.　This being so, we see no reason, and are not aware of any controlling authority, for requiring any particular kind of evidence to rebut the presumption. We are of opinion that any legal evidence having a tendency to show that the judgment has not been paid or satisfied is competent; and that, if the evidence furnished is such as to produce conviction that the judgment has not in fact been paid or satisfied, it is sufficient to rebut the presumption.　*Brewer* v. *Thomes, ubi supra.*"　And accordingly it was held in that case that the evidence was sufficient to rebut the presumption of payment although it did not appear that anything had been said to the judgment debtor about the execution, or that he ever had

said anything about it, or even known of its existence.   In *Day*
v. *Crosby, ubi supra,* it was held that the evidence controlled
the presumption although it contained no promise on the part
of the debtor nor any positive act of unequivocal recognition
by him.

The case is before us upon appeal.   We are not to disturb
the finding of the trial judge unless it clearly appears to be
wrong.   But the introductory question here is whether he made
any finding at all upon this question.   It nowhere seems to have
been asserted by the plaintiff, either in the bill or in the evi-
dence, that the note actually had been paid.   He seems to have
rested his case, as above stated, upon the presumption as to pay-
ment where the mortgagor has been in possession without any
recognition of the indebtedness, and the contention that the evi-
dence to control that presumption did not stand the tests re-
quired, as stated in *Cheever* v. *Perley, ubi supra,* to rebut the
presumption.   And if the rule applicable to such a case were
the rule upon which the case should be decided, we should not
feel that the finding was wrong.   But when the question is not
whether the evidence shows "some positive act of unequivocal
recognition, . . . or at least a clear and well identified verbal prom-
ise or admission, intelligently made within the period of twenty
years," but rather whether it shows that the note has not been
paid, we think that the finding that it has been paid, if such a
finding was indeed made, was clearly wrong.

We proceed to state the reasons for coming to this conclusion
upon the evidence.   The uncontradicted evidence shows the mak-
ing of the mortgage and that both the note and the mortgage
have been in the custody of the original mortgagees or their as-
signees, substantially ever since, and that all that time the mort-
gage has been regarded by the holders thereof as a valid subsisting
mortgage; that they frequently wrote to the plaintiff and re-
ceived no answer; and that they refrained from taking steps
to foreclose because they were informed by counsel that they
could do nothing until the death of the life tenant.   When con-
fronted after the death of his father with a demand for pay-
ment, the plaintiff never made any pretense that the mortgage
had been paid, although he refrained from making any promise
or express recognition of it as valid.   He spoke of his hard luck

, and of his poverty. If he had paid the mortgage it is incon-ceivable that he should not have said so. The note was in the hands of the holders of the mortgage, the place where it ought not to be if paid. Moreover, although as far as appears by the record the plaintiff was present at the trial, he did not take the stand and testify. So far as appears by the record he never has said that the note was paid. Without going further into detail, it is sufficient to say that giving due weight to the presumption, the evidence was overwhelmingly in favor of the proposition that the note had not been paid, and a finding to the contrary would have been clearly wrong. The note not having been paid the mortgage stands as security for the debt.

*Bill dismissed with costs.*

The case was submitted on briefs.

*J. P. Sweeney & L. S. Cox*, for the defendants.
*W. S. Knox & J. G. Walsh*, for the plaintiff.