KARL BERTRAM *vs.* ROSCOE W. WILBUR.
ROSCOE W. WILBUR *vs.* KARL BERTRAM & another.

Worcester. September 24, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Tax*, Sale, Deed. *Equity Jurisdiction*, To remove cloud from title, Statute of limitations, Laches. *Mortgage*, Of real estate. *Evidence*, Presumptions and burden of proof.

A deed by a collector of taxes, made in 1913, after a sale for the collection of a tax upon real estate owned of record by the heirs of a deceased person, was invalid under St. 1909, c. 490, Part II, §§ 14, 44, because, while it recited that demand for the payment of the tax was made on the decedent's "heirs," it did not state the "name of the person on whom the demand . . . was made."

A suit in equity to remove from the plaintiff's title to real estate a cloud created by an invalid tax deed is not a bill to redeem from a valid tax sale and therefore is not subject to the limitation stated in St. 1909, c. 490, Part II, § 76.

No unreasonable delay barring such a suit by reason of laches of the plaintiff was shown in the circumstances, where it appeared that the suit, in which the defendant entered a general appearance, was brought within six years after the plaintiff discovered the invalidity of the sale and no rights of third parties had intervened.

Where a suit in equity cannot be maintained unless the plaintiff proves title to real estate as a purchaser at a sale by an assignee of a mortgage in foreclosure of the mortgage, the mere fact, that no payment of principal or interest had been made upon the note secured by the mortgage during a period of twenty years elapsing between its date and the date when the plaintiff received it by assignment, does not require a ruling that there was no evidence which would warrant findings that the mortgage had not been discharged and that the plaintiff obtained a good title by the foreclosure sale.

It not appearing in the suit above described that the mortgagor or persons claiming under him had remained in continued possession of the real estate without any acknowledgment of the mortgage for twenty years after the debt had become due and payable, and it appearing that the note and mortgage at the time of the assignment were in possession of the mortgagee, who received from the assignee for the assignment the full amount of the principal with accrued interest then due, and that they were considered by him as living obligations which had been recognized by the mortgagor by the giving to the same mortgagee, some three years after the date of the first mortgage, of a second mortgage, which stated that it was subject to the first, findings were warranted that the mortgage had not been discharged and that the plaintiff had obtained a good title at the foreclosure sale.

BILL IN EQUITY, filed in the Superior Court on September 26, 1919, seeking to have declared void a tax sale and deed to the defendant by the collector of taxes of Hubbardston of premises alleged to be owned by the plaintiff, to require the defendant to execute and deliver to the plaintiff a deed of release, and for an accounting.   Also a

BILL IN EQUITY, filed in the Superior Court on July 25, 1921, by the defendant in the suit above described against the plaintiff therein and Emily Bertram, seeking to enjoin interference by the defendants with the plaintiff's alleged rights in the premises as purchaser at the tax sale.

Bertram hereinafter will be called the plaintiff, and Wilbur the defendant.

The suits were heard together by *Sanderson,* J.   He found in substance that the tax sale occurred on September 27, 1913, and was for the collection of taxes for the years 1911 and 1912; that at the time of the assessment of the taxes for those years the heirs of one George Blanchard appeared of record as the owners of the real estate in question, and that the property properly was assessed to them; that the tax collector's deed was " fatally defective in stating that demand for the payment of the taxes for which the property was sold was made on George Blanchard heirs, and in failing to state the name of the person, if any, on whom demand for the payment of the taxes was made; that the defendant got no title to said real estate by said deed of the collector of taxes to him.   He does not claim a title from any other source."

The judge further found that in 1885 the then owners of the premises in question, named Daniels, placed a mortgage thereon in the sum of $600 running to one Conant; that in 1888 they placed a second mortgage on the premises in the sum of $125, which stated that it was subject to the first mortgage and which ran to the same mortgagee; that Emily Bertram purchased both mortgages upon the premises in 1909 from the original mortgagee, paying in each instance the amount of the principal of the note and the accrued interest and receiving the mortgages and the mortgage notes; that in 1909, and again in 1912, entries for the

purpose of foreclosure were made under the first mortgage by Emily Bertram and, in December, 1912, the premises were sold at a sale in foreclosure of the first mortgage to Karl Bertram.

In the first suit Wilbur asked for the following rulings, which were refused:

" 1. There is no evidence in this case tending to show that the plaintiff or any one under whom he claims made any entry upon the land in question within twenty years after the right of entry had accrued to him or them, or within twenty years after the plaintiff or those under whom he claims became seized or possessed of the premises."

" 5. The plaintiff did not seek relief within six years after the tax sale of which he complains and so cannot prevail.

" 6. Upon all the evidence there was no effectual commencement of the plaintiff's suit within six years from the date of the tax sale to the defendant.

" 7. While a bill filed within six years from the date of a tax collector's sale seeking to avoid the sale might prevent the running of the statutory period within which such suits should be brought if service thereof were made within a reasonable time after such filing, the delay in this case was so great as to render the filing of the bill ineffectual for that purpose, each of which requests was denied by the court."

Rulings asked for by Wilbur in the second suit, and refused, have become immaterial.

Wilbur alleged and urged in this court the following exceptions: in the first suit, " to the finding by the court that tax collector's deed is fatally defective in stating that demand for the payment of taxes for which the property was sold was made on George Blanchard heirs and in failing to state name of the person, if any, on whom demand for the payment of the taxes was made," " to the finding of the court that the defendant got no title to said real estate by said deed of the collector of taxes to him," and to " the refusal of the court to grant his first, fifth, sixth and seventh requests for rulings of law; in the second suit to the finding and ruling of the court that Karl Bertram obtained a good title to the property at the foreclosure sale of the first mort-

gage, and to the finding and ruling of the court that the plaintiff obtained no title by virtue of said deed from the collector of taxes and had no title to said real estate.

*H. W. Blake*, for Wilbur.

*J. F. Neal*, for Bertram and another.

BRALEY, J. The deed of the collector of taxes under which Wilbur, who has entered into possession, claims title to the premises described in the bill of complaint was invalid. The assessments to the George Blanchard heirs who appeared of record as owners of the property, was lawfully levied. But, while the deed recites that demand for payment was made on them, the statute then in force required the collector to state the " name of the person on whom the demand . . . was made." St. 1909, c. 490, Part II, §§ 14, 44. *Conners* v. *Lowell*, 209 Mass. 111, 118. The ruling of the presiding judge that the deed was fatally defective was right.

The deed having been recorded, the title of Bertram, who claimed to be the owner of the property, was clouded, and he asks in his bill that Wilbur be ordered to release all his right, title and interest derived from the conveyance of the collector. *Smith* v. *Smith*, 150 Mass. 73. *Sawyer* v. *Cook*, 188 Mass. 163, 170. The bill is not a bill to redeem from a valid tax sale, and the statute limiting such suits to six years from the date of sale, on which the defendant relies in his answer, is inoperative. St. 1909, c. 490, Part II, § 76. *Smith* v. *Smith*, 150 Mass. 73. *Barker* v. *Mackay*, 168 Mass. 76, 79.

The defence of laches, although not pleaded, is also urged. But assuming that this defence is open, the suit in which the defendant entered a general appearance having been begun within six years after the plaintiff discovered the invalidity of the sale, no unreasonable delay is shown. *Sunter* v. *Sunter*, 190 Mass. 449, 456. *Steward* v. *Joyce*, 201 Mass. 301, 307, 308. *Britton* v. *Goodman*, 235 Mass. 471. *Paige* v. *Sinclair*, 237 Mass. 482.

The plaintiff derives his alleged title from the foreclosure by Emily Bertram of a mortgage which was outstanding of record when the assessments and sale were made. It is contended by the defendant that the mortgage, on which

no payment of principal or interest had apparently been made during the twenty years elapsing between its date and when it was assigned to Emily Bertram, is unenforceable and that the plaintiff has failed to establish his ownership. But there is no evidence that the mortgagors or those claiming under them remained in continued possession without any acknowledgement of the mortgage, for twenty years after the debt became due and payable. If such circumstances had been shown they would not have been conclusive that the debt had been paid. The presumption could be overcome by proof of circumstances tending to show that no payment had been made. *Kellogg* v. *Dickinson,* 147 Mass. 432, 437. *Jenkins* v. *Andover Theological Seminary,* 205 Mass. 376, 379. The note and mortgage at the time of the assignment were in possession of the mortgagee, who received the full amount of the principal with accrued interest. It was considered by him as a living obligation which had been recognized by the mortgagors in their second mortgage to him some three years later, and, in the absence of any proof to the contrary except the mere efflux of time, we cannot say as matter of law that there was no evidence which warranted the judge in finding that the mortgage had not been discharged and that the plaintiff obtained a good title by foreclosure sale. *Ayres* v. *Waite,* 10 Cush. 72, 76; *Kellogg* v. *Dickinson, supra.* See *Inches* v. *Leonard,* 12 Mass. 379, 380.

A full examination of the exceptions in so far as argued reveals no error of law, and they should be overruled.

*So ordered.*