Pettingell, A. P. J.
Action of contract, begun in 1940, by the holder of a witnessed promissory note, due in 1931, *186 secured by a mortgage of real estate. The defense is the six year statute of hmitations.
The trial judge filed the following:
“It was agreed by the parties that the only question involved was whether the note sued on (by a holder other than the original payee) was bound by the six (6) year statute of limitations, or whether the twenty (20) year statute of limitations applied.
“I ruled that the note was subject to the six (6) year statute of limitations and found for the defendant.
“The plaintiff waived in open court his requests numbered 1, 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, and 16. I deny plaintiff’s requests #6 and #9; requests #7 and #8, while they may be considered as good law in some respects are denied so far as concerns the statute of limitations, as I find this action is not brought on a sealed instrument.”
The issue, therefore, is clearly cut, which statute of limitations applies, the six year statute or the twenty year statute. The defendant’s requests, 6, 7, 8 and 9, which were denied, all have to do with the application of the twenty-year statute.
The plaintiff’s contention is that, when a duly attested promissory note is secured by a mortgage of real estate under seal, both note and mortgage having been executed simultaneously, the note has the benefit of the twenty year statute. The note and the mortgage being parts of one transaction, it contends, the note partakes of the sealed nature of the mortgage, and is, therefore, to be treated itself as a sealed instrument.
To support this contention the plaintiff relies upon cases, such as Shaw v. Methodist Episcopal Society in Lowell, 8 Met. 223, at 226, and Charlestown Five Cents Savings Bank *187 v. Zeff, 275 Mass. 408, at 411, which set forth the principle that the note and mortgage, having been. executed contemporaneously as one transaction, are to be construed together. See, also, Strong v. Jackson, 123 Mass. 60, at 64. Jewett v. Tucker, 139 Mass. 566, at 575. Mayo v. Fitchburg & Leominster Street Ry., 269 Mass. 118, at 121.
The plaintiff relies, also, upon the fact that the note sued on bears on its face the statement that it is secured by a mortgage of real estate, and thus gives notice of its special status as a sealed instrument. Such a reference on a note may materially change its nature and may add important features it might not otherwise have had.
“There is certain authority for holding that, where note and mortgage refer respectively to each other, the taker of either must take according to the true title of him who transfers it, as such title appears upon a proper examination. A mortgage note may thus be ■subject to equities, when strictly commercial paper would not be”.
Jewett v. Tucker, 139 Mass. 566, at 575.
See, also, Strong v. Jackson, 123 Mass. 60, at 64. International Tesot Book Co. v. Martin, 221 Mass. 1, at 5, 7. Phillips v. Vorenberg, 259 Mass. 46, at 71. Charlestown Five Cents Savings Bank v. Zeff, 275 Mass. 408, at 411. Adamowicz v. Ivanicki, 286 Mass. 453, at 457.
The cited cases relied upon by the plaintiff, however, while establishing the principles that a note and mortgage are to be construed together and that reference in one instrument to the other instrument may incorporate into the one bearing the reference certain features of the other instrument, do not go so far as to hold, that because of the relation they bear to each other they are themselves *188 interchangeable parts of the combination or that either instrument loses in any degree, its; own characteristic nature. Reading and construing them together is for one purpose only, “in order to ascertain the contract made by the parties”. Baker v. James, 280 Mass. 43, at 46. In no one of the cases cited is the treatment of them as one transaction stated to be for any other purpose. Although one may reinforce or qualify the other, when the actual transaction has been determined by construing the two together, the mortgage remains in nature a mortgage and the note retains its fundamental qualities as a note. “The notes constituted no part of the mortgage”. Smith v. Johns, 3 Gray 517, at 519.
The two instruments are distinctly different in purpose and function. In a mortgage transaction a debtor and creditor relation is created between the parties. In modern times this relation has come to be expressed by a promissory note. See Murphy v. Barnard, 162 Mass. 72, at 78. The purpose of the mortgage is to provide security for the payment of the note. “That the debt is the principal and the mortgage an incident, is a rule too familiar to require citations in support of it.” Morris v. Bacon, 123 Mass. 58, at 59. Murphy v. Barnard, 162 Mass. 72, at 78, 79. United States Trust Co. v. Commonwealth, 245 Mass. 75, at 78. Harlow Realty Co. v. Cotter, 284 Mass. 68, at 69. Although the note, as has been pointed out, is tied in with the mortgage by being part of the one transaction, it does not lose its nature as a negotiable instrument and the rules of law applicable to such instruments still apply to it. Milliken v. Davis, 267 Mass. 181, at 182. And a “valid mortgage may exist although personal liability on *189 the mortgage note never attached.” Pearson v. Mulloney, 289 Mass. 508, at 515. Cook v. Johnson, 165 Mass. 245, at 247.
The mortgage, on the other hand, is a conveyance of real estate, standing as such until the debt is paid, and being a conveyance of real estate, is subject to the rules of law applicable to such conveyances. The interest of the mortgage is an interest in real estate. United States Trust Co. v. Commonwealth, 245 Mass. 75, at 78. Harlow Realty Co. v. Cotter, 284 Mass. 68, at 69. It stands as such a conveyance “even if the personal liability of the mortgagor be extinguished by the statute of limitations”. Jenkins v. Andover Theological Seminary, 205 Mass. 376, at 381.
It may constitute an admission of liability on the note described in it, Smith v. Johns, 3 Gray 517, at 519. As far as the mortgage is concerned the note is only evidence of the debt secured by it. Hampden Cotton Mills v. Payson, 130 Mass. 88, at 89, 90; but not the only evidence, Payson v. Lamson, 134 Mass. 593, at 596. Although it in terms refers to the note, it is not itself a promise to pay and will not sustain an action in contract. Gray v. Bowden, 23 Pick. 282, at 283. Harding v. Covell, 120 Mass, at 123.
The holder of a note secured by a mortgage of real estate may pursue his remedy in a personal action on the note, or in a real action to enforce his lien. Ely v. Ely, 6 Gray 439, at 441. If he proceeds on the note, he is not obliged to abandon his rights under the mortgage. Hale v. Rider, 5 Cush. 231, at 232. Page v. Robinson, 10 Cush. 99, at 101, 102. Each remedy is open to him and he may proceed at his election, to enforce whichever right he elects; the procedure in each case will be according to the rules appropriate to that particular action, the *190 note and the mortgage each affording relief in accordance with its own particular nature or quality and unchanged in its essentials by the fact that it has been a part of a mortgage transaction.
We are satisfied that none of the cases cited by the plaintiff have sustained its contention that a note, secured by a mortgage of real estate, partakes of the sealed nature of the mortgage instrument; nor do we see in the nature of things any reason why it should so partake.
A mortgage is a sealed instrument because it deals with real estate. The seal on a mortgage originally had nothing to do with any statute of limitations. The statute of limitations is not a matter of substantive law but is a matter of remedy. Clarke v. Pierce, 215 Mass. 552, at 553. It is, therefore, no intrinsic part of the contract between the parties to the mortgage, and is always subject to change by legislative action. Mulvey v. City of Boston, 197 Mass. 178, at 181.
Until 1882, there was no statute of limitations relating to the foreclosure of mortgages. Bacon v. McIntire, 8 Met. 87, at 90. There was a presumption of payment after twenty years of uninterrupted possession by the mortgagor without entry or claim on the part of the mortgagee. Jenkins v. Andover Theological Seminary, 205 Mass. 376, at 379. This presumption was always rebuttable, Jenkins v. Andover Theological Seminary, supra, at 382. But St. 1882, C. 237, providing for the removal of clouds on titles by the Land Court, created “a special statute of limitations applicable only in proceedings of this kind”. Lewis v. Crowell, 205 Mass 497, at 501. There was, therefore, no reason in the nature of the mortgage relation originally for considering the note as having a special protection lasting twenty years when the mortgage had no such pro *191 tection if it could be proven that the mortgage debt was unpaid. That it was early recognized that the remedy on the note might be barred by the statute of limitations before the mortgage debt was paid is evidenced by the remark of Hammond J. in the opinion in Jenkins v. Andover Theological Seminary, 205 Mass. 376, at page 381:
“A mortgage of real estate is a conveyance, and it stands until the debt in the eye of the law is paid; and that is so even if the evidence of the debt be changed, as for instance by a renewal note, provided always that the debt be and remain the same debt, . . ., and even if the personal liability of the mortgagor be extinguished by the statute of limitations.”
It is thus apparent that the plaintiff is asking for a broader quality for the note than the mortgage itself inherently possesses.
The seal on the mortgage is there because it was needed to create a valid conveyance of real estate. The extreme to which the plaintiff’s contention might be carried is demonstrated by extending it to a claim that the note is entitled to record in the registry of deeds, it having by reference, not only the seal, but also the acknowledgment, appearing in the mortgage.
Not only is there no basis of law for the contention that a seal is imputed to a mortgage note but in practice there is no need of any such principle of law as a protection for a holder of such a note.
If it is desired to keep a note alive for twenty years, no matter who the holder may be, it is a simple matter to put a seal on it when it is executed. A sealed note is valid and is good for twenty years. Clarke v. Pierce, 215 Mass. 552, at 553. See, also, 53 A. L. R. 1165; 97 A. L. R. 613, at 620.
*192 The statute of limitations, itself, allows twenty years for an action, if the action is brought by the payee or his executor or administrator. G. L. (Ter. Ed.) C. 260, Section 1. Third. The purpose of limiting the right to sue, after six years, to the payee was “to protect the maker in his claims which ought to be set off against such notes.” Hodges v. Holland, 19 Pick. 43, at 45. That case was one of the first which established the principle that an action can be brought on such a note by a holder in the name of the payee, but for the use of the indorsee. This principle of law has been followed in later cases. Sigourney v. Severy, 4 Cush. 176, at 177, 178. Drury v. Vanneaver, 5 Cush. 442, at 444, 445. It was early limited, however, to non-negotiable instruments; Mosher v. Allen, 16 Mass. 451, at 452; Pierce v. Talbot, 213 Mass. 330, at 331, 332; or to instruments transferred without indorsement. Rockwood v. Brown, 1 Gray 261, at 262, 263. Troeder v. Hyams, 153 Mass. 536, at 540. Boutelle v. Carpenter, 182 Mass. 417, at 418. The plaintiff, here, might have been in a stronger position if it had taken the note sued on without indorsement and had brought its action in the name of the payee.
After a careful examination of all available cases, we are of opinion that there is no authority in law for the plaintiff’s contention that a mortgage note, referring to a mortgage of real estate securing the note and executed contemporaneously with it, incorporates in itself, by reference, the seal of the mortgage; we are therefore, of the opinion that there was no prejudicial error in the ruling of the trial judge that the six year statute of limitations applies, or in his dispositions of the rulings requested by the plaintiff. The report is to be dismissed.