Pettingell, P. J.
Suit on a promissory note given for a good consideration, November 17, 1939, payable in instalments and containing a provision that if any instalment was not paid when due all instalments should immediately become due at the option of the holder together with all expenses of collection, including attorney’s fees. The payee endorsed the note to the plaintiff without recourse. The defendant paid the first instalment but failed to pay the second, whereupon the plaintiff elected to declare the note in default. The automobile for which the note was given was sold and the trial judge found the balance due on the note $260.98.
The note contained, also, the following provision which, so far as is material, reads, “All the parties to this note . . . hereby severally waive presentment for payment, notice of non-payment, protest, notice of protest and diligence in bringing suit against any party hereto. ’ ’
The defendant waives all defences in his answer except the statute of limitations.
*189 The trial judge found that the action was begun on September 16,1946, which is more than six years after January 17, 1940 when the cause of action accrued. He then proceeded as follows:
“I find and rule that the defendant’s agreement in the note to waive diligence in bringing suit, although supported by good consideration is invalid and unenforceable as against public policy and I find for the defendant. ’ ’
The report states that it contains “all the evidence material to the question reported ‘and the statement’, I now report the case to the Appellate Division upon the issue whether upon the facts found the above finding is warranted as matter of law.”
No requests for rulings of law were filed or denied. We treat the case as one reported by the trial judge upon his own volition. La Caisse Populaire Credit Union v. Crosse, 293 Mass. 190. East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218. See Horowitz v. State Street Trust Co., 283 Mass. 53.
For the use and meaning of the words used by the trial judge, “I find and rule”, see Sylvester v. Shea, 280 Mass. 508, at 510. Royal Paper Box Co. v. Munro & Church Co., 284 Mass. 446, at 450. The use of this formula requires the appellate tribunal to support the decision of the trial judge if it warranted upon the evidence. Flesher v. Handler, 303 Mass. 482, at 483.
The trial judge, was hearing an action on a promissory note, long overdue, which contained a waiver of the statute of limitations. The validity and force of such a waiver has long been a matter of difference of opinion. The earliest case in Massachusetts, involving such a waiver is Webber v. Williams College, 23 Pickering 302, an action upon a *190 promissory note which, however, did not contain such a provision as here. Before the statute had run, however, there was correspondence in which the defendant’s Treasurer wrote the plaintiff that if he would delay bringing suit at that time he should have the same rights for one year more that he had then had. The plaintiff answered that he would not consent to postpone but did in fact postpone till after the six years. The court decided that was a sufficient compliance with the defendant’s offer, that they were bound by it, and that it was a good waiver of the statute of limitations.
In Kellogg v. Dickinson, 147 Mass. 432, a mortgage note, dated in 1847, contained an indorsement dated in 1853, “Paid on the within note ten dollars and I agree that I will not take any advantage of the statute of limitations ’ ’. The writ was dated in 1887; the court said at page 436 that the waiver contained in the indorsement, “If construed to cover an indefinitely long time in the future, it would be extraordinary, and contrary to the policy of the law.” There were verdicts for the plaintiff on two counts. The defendant’s exceptions were sustained.
In our opinion the proper theory of the law is expressed by Rugg, C. J. in Federal National Bank v. Koppel, 253 Mass. 157, at page 159.
'“One purpose of the bankruptcy act is to enable debtors to secure a release from the legally enforceable obligation of every debt provable against their estates ' and not of the excepted classes. Its design is both to secure a ratable distribution of the property of the bankrupt among his creditors and to enable an honest and deserving debtor to get a fresh start in life. Plainly the note here in suit was provable in bankruptcy i against the estate of the defendants. It would be repugnant to the purpose of the bankruptcy act to permit a circumvention of its object by the simple device of a clause in the agreement out of which the provable debt springs, stipulating that a discharge in bankruptcy *191 would not be pleaded by the debtor. The bankruptcy act would in the natural course of business be nullified in the vast majority of debts arising out of the majority of contracts, if this were permissible. It would be vain to enact a bankruptcy law with all of its elaborate machinery for settlement of the estate of bankrupt debtors which could so easily be rendered of no effect. The bar of the discharge under the terms of the bankruptcy act is not restricted to those instances where the debtor has no,t waived his right to plead it. It is universal and unqualified .in terms. It affects all debts within the scope of its words. It would be contrary to the letter of section 17 of the Bankruptcy Act as we interpret it to uphold the waiver embodied in this note. So to do would be incompatible with the spirit of that section. Its aim would largely be defeated.”
In our opinion every argument advanced by Chief Justice Rugg holding such a waiver as contrary to public policy exists here.
The latest word in Massachusetts regarding the power of a debtor to waive the statute of limitations is expressed in Alpert v. Rodner, 293 Mass. 109, at 111, as follows:
‘ ‘ There is nothing in the nature of the statute of limitations which is controlling against that construction of the negotiable instruments law which will most effectually accomplish the purposes of the latter. Any party may waive the six year statute of limitations at will by making his contract under seal or having his notes witnessed. After it has run in his favor he may waive it by acknowledgment in writing or by part payment ... He is deemed to have waived it if he does not plead it. He may estop himself from asserting it. MacLearn v. Hill, 276 Mass. 519. And it has been held - • that he may, as a term of his original contract, agree no't to avail himself of ,the statute. State Trust Co. v. Sheldon, 68 Vt. 259. See also, Webber v. Williams College, 23 Pick. 302. Kellogg v. Dickinson, 147 Mass. 432.”
*192 In Webber v. Williams College, supra, the defendant made an offer of a limited waiver which the court found was accepted by the plaintiff. In Kellogg v. Dickinson, supra, the court held that an unlimited waiver of the statute was against public policy. In Alpert v. Radner, supra, the court points out that waivers of the statute have been held good, but made no distinction between limited and unlimited waivers. In the case before us an unlimited waiver is in issue. On authority of Kellogg v. Dickinson, supra, and on the basis of the opinion of Chief Justice Rugg in Federal National Bank v. Koppel, supra, we are inclined to follow that case and to find that the waiver executed by the defendant was against public policy. See 34 American Jurisprudence 320.
No prejudicial error appearing the report is dismissed.